## Pallot v. Neshannock Township

*Carmen F. Lamancusa,* for plaintiffs.
*Donald J. Nicolls,* for defendants.

LYON, *J.,* March 25, 1977 — Plaintiffs filed the present action in mandamus to compel defendants, the Zoning Hearing Board of Neshannock Township and the Neshannock Township Supervisors, to issue a special exception under the township zoning ordinance which would allow them to construct a 12-unit apartment building. They contend that defendants are obligated to grant the special exception by reason of the failure of the zoning hearing board to hold a hearing on their application as is required by section 908(9) of the Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, as amended, 53 P.S. §10908(9). We agree.

Although this mandamus action was commenced by the filing of a complaint which was followed by an answer and reply, the averments of the pleadings are not in dispute since the parties subsequently filed a stipulation resolving all relevant factual matters. The case was submitted for decision upon the stipulation of fact on which the court was requested to decide the disputed legal issues involved in the construction of section 908(9) of the Pennsylvania Municipalities Planning Code, 53 P.S. §10908(9).

Plaintiffs are the owners of a 10 1/2-acre tract of land in Neshannock Township. The land is zoned R-1 residential. On June 25, 1975, plaintiffs applied to the township zoning hearing board for a special exception to construct an apartment building on this land. A public hearing was held on July 24, 1975, after which the application was denied. Subsequently, a member of the zoning hearing board suggested "that plaintiffs refile the application, since his original presentation was not clear at the time of the hearing on July 24, 1975." Pursuant to this suggestion, plaintiff filed an application identical to the one upon which the hearing was held on July 24, 1975. "Upon being advised that said application was identical to the prior applications . . . upon which a hearing was held on July 24, 1975, plaintiffs prepared a new application and filed the same on August 26, 1975."

Unlike the former two applications which were in the name of one of the plaintiffs only, Joseph Pallott, the new application was in the name of Joseph Pallott and his wife, plaintiffs herein. In several respects it contained more detail than the previous applications even though it incorporated most of the prior applications and was otherwise wholly identical to them. It is apparent that the new application was accompanied by the required fee and regularly filed and accepted by the Neshannock Township Zoning Hearing Board. No hearing date was set or a hearing held by the zoning hearing board despite several specific requests for a hearing made to the board by plaintiffs and their counsel. There is no contention that the refiling of the new application on August 26th was violative of any applicable statutory provision or of any duly promulgated regulation of the Neshan-

nock Township Zoning Hearing Board or of any other applicable law or regulation.

On October 16, 1975, plaintiffs' counsel wrote to the chairman of the Neshannock Township Zoning Hearing Board and requested that the special exception be issued due to the failure of the zoning hearing board.to hold a hearing on the August 26th application within 45 days as required by the Municipalities Planning Code. On the same date, the township solicitor inquired of plaintiffs' counsel whether plaintiffs would be willing to waive the statutory 45-day hearing requirement and proceed to a hearing on the merits of the application. On October 23, 1975, plaintiffs' counsel informed the solicitor that plaintiffs would not agree to such a waiver. Subsequently, in mid-November, 1975, the zoning hearing board notified plaintiffs that they were not entitled to a hearing, since their initial application for a special exception had been refused after a full hearing. At this time, the fee for the August 26th application was refunded to plaintiffs. This action of mandamus seeking to compel the issuance of the special exception was thereafter filed on November 24, 1975.

Section 908(9) of the Pennsylvania Municipalities Code provides that: "(W)here the [Zoning Hearing] board fails to render the decision within the period required by this subsection [45 days from the date of the hearing], or fails to hold the required hearing within forty-five days from the date of the applicant's request for a hearing, the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing to an extension of time." 53 P.S. §10908(9). It is now settled that where the board either fails to hold a hearing within 45 days

of applicant's request for a hearing on an application, or fails to render its decision within 45 days of the last hearing, the applicant is conclusively entitled to the requested permit (Humble Oil and Refining Co. v. East Lansdowne Borough, 424 Pa. 309, 227 A. 2d 664 (1967); Foltz v. Monroeville, 5 Pa. Commonwealth Ct. 304, 290 A. 2d 269 (1972)), and that mandamus is the proper action to compel the permit's issuance: Foltz, supra.

The foregoing cited case authorities were concerned with the proper construction of section 908(9) of the Pennsylvania Municipalities Code as it existed before the amendment of December 10, 1974.* These cases dealt primarily with that part of the provision which provided:

"Where the board has power to render a decision and the board or the hearing officer, as the case may be, fails to render the same within the period required by this subsection [45 days], the decision shall be deemed to have been rendered in favor of the applicant . . . ."

The amendment of December 10, 1974, amended this provision by providing also that such a decision shall be deemed to have been rendered in favor of the applicant if the zoning hearing board fails to hold the hearing required by the act within 45 days from the date of the applicant's request for a hearing. Both provisions had their origin in the same public policy and were obviously designed to obviate prejudice to applicants from unreasonable delays on the part of zoning hearing boards. Both provisions were incorporated in the same sentence of the amendment of December 10,

---

*Act of December 10, 1974, P.L. 822, sec. 1, 53 P.S. §10908(9).

1974, and provided for the identical remedy. It must, therefore, be concluded that when the legislature enacted the amendment of December 10, 1974, it intended the same remedy to flow from a violation of either provision. Thus, the holdings of the cited cases concerning the remedy for defaults by the zoning hearing boards in rendering decisions within 45 days of hearings are equally applicable to cases involving defaults of zoning hearing boards in the holding of hearings on applications within 45 days after the request.

Defendants appear to concede that the zoning hearing board did not hold a hearing within 45 days of the applicant's request for a hearing, but contend that no hearing was required because of the board's prior adjudication of plaintiffs' first application, since it was res judicata and barred consideration of the August 26th application. What, if any, res judicata effect the denial of plaintiffs' first application had upon subsequent applications need not be considered, for defendants' argument begs the central issue in this case. Our inquiry here does not center upon the legality of the board's ultimate determination that no hearing was required for the August 26th application. Rather, we are faced with a situation in which the board took *absolutely no action* with respect to plaintiffs' August 26th application within the 45-day time limit.

Defendants' assertion of res judicata is in the nature of an affirmative defense in this case. See Pa. R.C.P. 1030. But the existence of a valid res judicata claim is no excuse for the failure of the board to take any action within 45 days after an applicant's request for a hearing. There results from such failure to act a conclusive presumption

that the board's decision was rendered in favor of the applicant: Foltz v. Monroeville, supra. The only permissible defense in a case of this kind is that the hearing was held within the statutory period, or that the decision declaring a hearing unnecessary was rendered within the 45-day limit: Id. Defendants do not make such a claim.

The issue presented would be completely different had the board summarily rejected plaintiffs' August 26th application without a hearing within the 45-day limit. We would then be squarely faced with defendants' res judicata contention. However, this is not the present situation, and defendants have advanced no acceptable excuse for the board's failure to make its res judicata decision within the 45-day time limitation. In point of fact, plaintiffs had no way of knowing the board's reason for failing to address their application. Such a delay is totally impermissible even though the board privately believed that the decision on the merits of the prior application was res judicata. See Humble Oil and Refining Co. v. East Lansdowne Borough, supra; Foltz v. Monroeville, supra.

The Municipalities Planning Code provides for an orderly and efficient adjudication of zoning applications. The Neshannock Township Zoning Hearing Board, having failed to comport with the procedural requirements set forth in the code, must suffer the consequences which the code imposes. In the words of our Supreme Court:

"One of the most common traits of mankind, and this is unfortunately particularly true in legal procedure, is that procrastination rather than celerity controls initiative, consideration, and decision. The Legislature recognized the existence of this

inertia in the orderly disposition of pending governmental matters, and, accordingly, wisely provided that when a board of adjustment indolently allows 45 days to go by without a decision following a hearing [or without a hearing for 45 days after the applicant's request] the complaining party shall have the benefit of that slothful inattention and gain the requested permit. Without this kind of coercive determination, a board could effectively prevent the erection of needed structures through the simple process of luxurious lolling while spiders of inattention spin webs of indifference over pending public problems." Humble Oil and Refining Co., supra, at 313-14, 227 A. 2d, at 666.

This court is acutely aware that the members of the Neshannock Township Zoning Hearing Board are public-spirited lay citizens who are interested in the orderly development of the township and the well-being of its residents. Their devotion to the common good is evidenced by their willingness to serve as members of the zoning hearing board and the constant devotion of much of their time, energy and considerable talents to the faithful discharge of their duties. Their inaction in the instant case is understandable when viewed in the light of the changes in the law made by the amendment of December 10, 1974.

This is a case of first impression involving the construction of an amendment to the Pennsylvania Municipalities Planning Code that was enacted on December 10, 1974. The amendment has not been the subject of any appellate court decisions nor has it been construed to our knowledge by any other Court of Common Pleas. It was undoubtedly the usual custom of the board to ig-

nore refiled applications unless a substantial amount of time had intervened or the new application, on its face, clearly showed a substantial change in circumstances. In the instant proceedings, the board had rejected a prior application of plaintiffs and it apparently concluded in good faith that a hearing on the new application was unnecessary, since it was, in essence, the same as the formerly rejected one. This practice resulted in no adverse consequences prior to the amendment of December 10, 1974.

Because of the amendment of December 10, 1974, it now becomes incumbent upon zoning hearing boards to take appropriate action to guard against the constant refiling of identical zoning applications that were recently considered on their merits and rejected. But before deciding on a particular course of action, there should be a thorough investigation of all available techniques for elimination of intrinsic abuses resulting from such abuses reapplication. It may be that the board is authorized to promulgate regulations prescribing reasonable conditions and limitations on the refiling of such rejected applications. There are undoubtedly a number of other procedures that could be utilized. In any event, the board should consult with legal counsel concerning the legality of various possible solutions of the problems and also should seek his opinion concerning the reasonableness of any limitation imposed upon the refiling of such rejected zoning applications.

## ORDER

Now, March 25, 1977, for the reasons stated in our opinion this date, it is ordered, adjudged and decreed as follows:

1. That defendants issue forthwith to plaintiffs the special exception which plaintiffs requested in their application dated August 26, 1975.

2. That defendants give public notice, in the manner provided in the Pennsylvania Municipalities Planning Code, see 53 P.S. §10908(1), of the issuance of the special exception to plaintiffs within ten days from the date of this order. See 53 P.S. §10908(9).

3. That defendants perform such other duties as may be required by law for the valid issuance of the said special exception.