## Foltz, Jr. *v.* Monroeville, et al., and Borden, et al., Intervenors.

Argued February 22, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Richard L. Rosenzweig,* with him *Rosenzweig & Rosenzweig,* for appellants.

*David W. Craig,* with him *Baskin, Boreman, Wilner, Sachs, Gondelman and Craig,* for appellee.

*Jerome M. Meyers,* with him *Meyers & Keyser,* for intervenors.

OPINION BY JUDGE CRUMLISH, JR., May 3, 1972.

The Borough of Monroeville, its Planning Commission, its Zoning Officer and its Borough Manager, defendants below, appeal to us the order of summary judgment in mandamus by the Court of Common Pleas of Allegheny County. Appellee, James Foltz, Jr., in mandamus sought to compel the issuance of building permits. Intervening appellants who are residents of the neighborhood where Foltz's proposed commercial

enterprise is to be constructed, appeared as protestants at the zoning hearings which preceded the litigation.

The Borough, its allies in the local government, and Intervenors raise three major questions in their appeal: (1) Is an action in mandamus whose prayer is to compel the issuance of permits based upon the 45-day rule of Municipalities Planning Code thwarted by a tardy decision by the municipality? (2) Does a statutory appeal from the tardy decision create an adequate remedy at law? and, (3) Does relief in mandamus based upon the 45-day rule, thus blocking protestants' appeal, violate their constitutional and statutory rights of due process?

The first two issues were very ably disposed of by the court below in the opinion of Judge PRICE, the relevant parts of which herein quoted, with the addition of a few explanatory footnotes of our own, we will adopt:

"Plaintiff has moved the court to grant a summary judgment in its favor in accordance with Pennsylvania Rules of Civil Procedure 1098. Following the filing of the complaint, defendants brought preliminary objections thereto challenging the propriety of plaintiff's action. Plaintiff thereafter filed an affidavit in support of its motion for summary judgment, and defendant filed an answer to plaintiff's motion.

"On October 7, 1970, plaintiff made application for a building permit which was denied by defendant Zoning Officer Jack R. Norris. Thereafter, plaintiff appealed to the Zoning Board of Monroeville, which Board held hearings on October 20, 1970, November 24, 1970, and December 10, 1970. On January 26, 1971, forty-six (46) days after the last hearing, the Board adopted a resolution denying plaintiff's application, a copy of which was mailed to plaintiff on February 1, 1971. This copy was plaintiff's first notice of the denial of his application. Plaintiff's complaint in mandamus

filed on February 17, 1971, requests that the court order defendants to process plaintiff's application and issue the building permit applied for.

"Pennsylvania Rule of Civil Procedure 1098 provides: 'At any time after the filing of the complaint, the court may enter judgment if the right of the plaintiff thereto is clear. . . .' Plaintiff asserts that he satisfies the requirements of the rule in that Section 908 of the Municipal Planning Code, 1968, July 31, P. L. 53, P.S. §10908, together with Humble Oil and Refining Company v. Borough of East Lansdowne, 424 Pa. 309, [227 A. 2d 664 (1967)], establishes that he has a clear right to a summary judgment in mandamus to compel the issuance of the permit.

"Section 908 in relevant part provides: '(9) The Board or the hearing officer, as the case may be, shall render a written decision, or, when no decision is called for, make written findings on the application within 45 days. . . . Where the Board has the power to render a decision and the Board or the hearing officer, as the case may be, fails to render the same within the period required by this clause, the decision shall be deemed to have been rendered in favor of the applicant. '(10) A copy of the final decision or, where no decision is called for, of the findings, shall be delivered to the applicant personally or mailed to him not later than the day following its date.' In the Humble case, supra, where the Board failed to act within the prescribed 45-day period, the Supreme Court affirmed the mandamus order compelling the issuance of the permit granted by the court below. Plaintiff, stressing the applicability of the Humble case to the present one, contends that we should grant his motion for summary judgment. . . .

"Defendants maintain that the 45-day rule is not applicable here. According to defendants, the words 'deemed to have been rendered in favor of the appli-

cant' create merely a statutory presumption which is rebuttable rather than conclusive. Defendant Board, having rendered its decision prior to plaintiff's initiation of this mandamus action, has rebutted this supposedly rebuttable presumption of a favorable disposition by the Board. Defendants have cited Ryan, Pennsylvania Zoning Law and Practice, Craig, 'Zoning Law' 21 U. of Pgh. L.R. 223, and various lower court opinions in support of its proposition. We find none of these authorities persuasive. As to defendants' secondary source authorities, with all due respect, we do not feel constrained to be bound by non-judicial analyses of the status of the law.[1] As to the cases cited by defendants, in no case were the words in the statute specifically held to create a mere rebuttable presumption; rather, this proposition was a mere dictum in each case.

"On the other hand, the opinion in the Humble case, cited in plaintiff's brief, convinces us that these words create a statutory presumption after the 45-day period has expired, which is conclusive. In the Humble case, a hearing was held on plaintiff's permit application on May 24, 1966. A hearing scheduled for May 31, 1966 was cancelled by defendant. The opinion and order of the Board was signed on August 8, 1966, and sent to plaintiff on August 11, 1966. Plaintiff meanwhile had initiated its action in mandamus to compel the granting of the permit on August 10, 1966. The Supreme Court upheld the lower court's decision granting plain-

---

[1] We note that in *Ryan*, the assumption that that author considers the words "deemed to have been rendered in favor of the applicant" as rebuttable and not conclusive stems from the author's position that when an appeal is taken from a tardy opinion by the Board, the question of the 45-day rule is merely another issue to be answered in the appeal. This does not mean, however, that *Ryan* would not be in agreement with the position that, if the 45-day rule is found to have been violated, the appeal must be decided in favor of the applicant.

tiff's prayer for relief, stating: 'One of the most common traits of mankind, and this is unfortunately true in legal procedure, is that procrastination rather than celerity controls initiative, consideration, and decision. The Legislature recognized the existence of this inertia in the orderly disposition of pending governmental matters, and, accordingly, wisely provided that when a board of adjustment indolently allows 45 days to go by without a decision following a hearing, the complaining party shall have the benefit of that slothful inattention and gain the requested permit. Without this kind of coercive determination, a board could effectively prevent the erection of needed structures through the simple process of luxurious lolling while spiders of inattention spin webs of indifference over pending public problems.' Humble clearly demonstrates that the Supreme Court, in an opinion more recently promulgated than any authority cited by defendants, construes the word 'deemed' to effect a conclusive presumption. Because we hold that after 45 days the Board is conclusively presumed to have ruled in plaintiff's favor, the fact that the Board handed down an adverse decision prior to plaintiff's initiation of the present suit does not militate against the applicability of the statute.

"Next, defendants argue that plaintiff's complaint fails to state a cause of action because plaintiff, having filed an appeal from the adverse ruling of the Board, has an adequate remedy at law. Therefore, this court should not entertain the mandamus action. In their brief, defendants cite Boron Oil Company Appeal, 35 D. & C. 2d 666; Ammon R. Smith Auto Company Appeal, 79 York 145; and Beverly Building Corporation v. Lower Merion Township (No. 1), 79 Mont. Co. L.R. 166, in support of their argument. Defendants cite additional cases in their supplemental brief.

"We are unpersuaded by defendants' argument on this issue. The Boron and Beverly Building, supra,

cases are inapplicable here because the Board arrived at a decision in each case within the 45 days required by the prior First Class Township Code provision which has since been repealed. Those board decisions timely arrived at, the courts dismissed the application of the 45-day rule.[2] Although the Smith, supra, case does support defendants' contention, we conclude that the Humble, supra, case controls. Humble was decided more recently than any case cited by defendants, and we are compelled to follow the mandate set out in that Supreme Court opinion. The Humble case affirmed the granting of a judgment in a mandamus action identical to the one before us. While there is no indication from that opinion, nor from the paperbooks in that case that plaintiff there did not file a statutory appeal, we would regard such a fact as irrelevant to the question of the adequacy of the legal remedy available to plaintiff here. Plaintiff in this case seeks, as the plaintiff in the Humble case sought, an order in mandamus compelling the Board to issue the permit *because of its failure to do so within 45 days.* The statutory appeal challenges the content of the decision rendered while the mandamus action brought under the statute assaults the inaction of the Board. We are not persuaded that the availability of a remedy promulgated to challenge the content of a decision adequately affords this plain-

---

[2] We are not in total agreement with Judge Price's reading of *Beverly Building* (No. 1). In that case, the Court of Common Pleas of Montgomery County, in deciding the specific issue of whether a tardy decision and subsequent appeal precluded mandamus because it supplied an adequate remedy at law, held that mandamus was no longer an adequate remedy. This holding was not appealed, and contrary to the assertions of appellants' counsel was not before the Supreme Court in *Beverly Building* (No. 2), 409 Pa. 417, 187 A. 2d 567 (1963). For the reasons set forth in the case now before us, we believe that *Beverly Building* (No. 1) was erroneously decided.

tiff the opportunity to challenge the failure to render a decision within the proper period of time.[3] For the reasons set forth above, we hold that plaintiff's complaint states a cause of action in mandamus."

Finally, Intervenors contend that to hold that the 45-day rule to mandate a decision conclusively in favor of the applicant takes away the right of protestants to appeal decisions of Zoning Hearing Boards under Section 1003 of the Municipalities Planning Code, 53 P.S. §11003. We disagree. We have affirmed the holding of the court below that the Zoning Hearing Board issued a decision by operation of law on January 25, 1971 which was not affected by a resolution adopted by the Board on the following day. Intervenors had the right to appeal that decision and in fact they attempted to do so after the lower court had made a determination in this mandamus action. We do not have before us nor do we pass upon the scope of review on such an appeal.[4] We hold merely that the existence of the right to an ap-

---

[3] In addition to the reasons set forth by Judge PRICE, we believe that the holding in *Beverly Building* (No. 1), would only countenance confusion and delay. What would be the effect of a decision handed down by the municipality on the eve of a mandamus proceeding; or the failure of an applicant to take an appeal from a decision he believes to be a nullity because of its tardiness? If a decision rendered after 45 days is conclusively deemed in favor of the applicant, as we believe *Humble* holds, is not the only question for the courts the factual determination of whether the decision was tardy? This question is better raised by complaint than appeal.

[4] The Borough also contends that by eliminating the protestants' right to appeal, this Court deprives them of their constitutional right of due process. The essence of this contention is that property owners have the right to a determination on the merits of the effect of the proposed use on their property. Because it goes to the scope of review in the intervenor's appeal, this question is not before us. However, with the right to bring actions for private nuisance, we are at a loss to comprehend the *constitutional* basis for the right to a private landowner to preliminary review of a neighbor's proposed use of his own property.

peal disposes of the Intervenors' contention that we have deprived them of that right.

Affirmed.

Judge ROGERS concurs in the result only.