476

In Re: Appeal of GFM Associates from Decision of Board of Commissioners of the Township of Mt. Lebanon. GFM Associates, Appellant.

Argued May 6, 1977, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*Guy L. Warman*, with him *John Michael Studeny*, and *Metz, Cook, Hanna & Kelly*, for appellants.

*J. W. Montgomery, III,* with him *Edwin L. Klett,* and *Eckert, Seamans, Cherin & Mellott,* for appellee.

OPINION BY JUDGE ROGERS, June 9, 1977:

The appellant, GFM Associates (GFM), desiring to establish a mobile home park on land in Mt. Lebanon Township, Allegheny County, submitted a preliminary development plan for the approval of the township commissioners pursuant to Section 508 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10508.[1] A letter accompanying the submission written by GFM's counsel told the commissioners that the plan did not comply with the township's subdivision ordinance but that none of the requirements of the subdivision ordinance applied to mobile home parks because the ordinance contains no separate provisions regulating mobile home parks.[2] The writers further declared that provisions of the township zoning ordinance which prevent the development as proposed were unconstitutional and void. The township commissioners reviewed the plan as required by Section 508 and denied approval for many reasons sounding in its subdivision and zoning ordinances. GFM filed two appeals[3] from the township commissioners' orders, the identical operative provisions of which are as follows:

---

[1] Section 508 of the MPC provides the procedures for the review of land subdivision plans by the governing body or planning agency. It is here noted that GFM made no application to any township authority for relief from zoning requirements.

[2] GFM says in this regard that a sentence in Section 501 of MPC, 53 P.S. §10501 providing that regulations of mobilehome parks shall be the subject of separate and distinct articles of subdivision and land development ordinances means that regulations not so separated are void and of no effect, a question we do not decide here.

[3] Two appeals were filed because the plan was for the development of two contiguous parcels of land.

(a)   At the time the application was filed, Appellee did not have any Ordinance which established any standards or requirements or imposed any regulations for mobilehome parks.

. . . .

(c)   Reasonable regulations for the development of land as a mobilehome park with private driveways, private utility lines and private appurtenances to be used in common by tenants so long as the land is used for a mobilehome park have to be substantially different from regulations applicable to a permanent subdivision of land for the sale of lots which involves dedication of streets and easements in perpetuity.

(d)   Section 501 of Article V of the Act of July 31, 1968, P.L. 805, as amended, 53 P.S. 10501, expressly provides that:

'Provisions regulating mobilehome parks shall be set forth in separate and distinct articles of any subdivision and land development ordinance adopted pursuant to Article V. . . .'

(e)   Under authority of the Act of July 31, 1968, P.L. 805, as amended, 53 P.S. 10501 et seq., Appellee adopted its 'Subdivision Ordinance' No. 2524, approved October 9, 1972, but prior to the date Appellant filed its application for approval of plans Appellee had failed to set forth any provisions regulating mobilehome parks either in separate and distinct Articles or otherwise.

(f)   By definitions and by unreasonable provisions imposing restrictions which cannot possibly be met contained in its Zoning Ordinance No. 2519, adopted June 26, 1972, Appellee has attempted to completely exclude the development of any mobilehome park or the use

of any mobile home within its boundaries, which discriminates against potential residents who can only afford mobilehome type housing.

. . . .

(h) After Appellant filed its application, Appellee amended its Zoning Ordinance No. 2519 to expressly mention the terms 'mobile homes' and 'mobile home parks' for the first time.

(i) Appellee's Zoning Ordinance No. 2519, approved June 26, 1972, in its form as of the date the application was filed and as amended, is unauthorized by any enabling legislation, invalid, discriminatory, unconstitutional and void.

. . . .

(k) It is impossible to develop a mobilehome park in Mt. Lebanon Township under its Ordinances.

The township, after an abortive effort to file preliminary objections, filed a motion to quash which the court below granted. GFM has appealed and we affirm.

As the quoted portions of GFM's court appeals reveal, its complaint is not that the township commissioners' decision to deny approval of its plan is not authorized by or is contrary to the provisions of the subdivision or zoning ordinances but that the subdivision and zoning ordinances are unconstitutional and hence substantively invalid. The exclusive procedural devices available for challenging the validity of township ordinances on substantive grounds are those provided by Section 1004 of the MPC, 53 P.S. §11004, which requires a landowner to submit the challenge either to the Zoning Hearing Board for a report or to the governing body with a request for a curative amendment. It is too clear for serious argument to the contrary that GFM never believed that its develop-

ment plan could proceed in accordance with the township's ordinance, that it does not complain of the commissioners' decision on this ground, and that its appeals below are not therefore to be considered as having been taken pursuant to Section 1006, 53 P.S. §11006 of the MPC.[4]

We pointed out in *Board of Commissioners of Mc-Candless Township v. Beho Development Co.*, 16 Pa. Commonwealth Ct. 448, 332 A.2d 848 (1975), that a purpose of Section 1004 was to give the municipality notice when the application for a new use is submitted and before any record is made at the municipal level that the case presents a challenge to the substantive validity of its ordinances, and is not merely a request for rezoning or an application for variance or other form of relief. This, we may assume, was intended as a response to the holding of *Eller v. Board of Adjustment*, 414 Pa. 1, 198 A.2d 863 (1964), that under the statutes then existing the landowner might ask the municipal zoning authorities for a variance, advance only his entitlement to a variance before the Zoning Hearing Board, and on appeal raise for the first time a challenge to the validity of the ordinance on substantive grounds.

Order affirmed.

ORDER

AND Now, this 9th day of June, 1977, the order of the Court of Common Pleas of Allegheny County made August 4, 1975 is affirmed.

---

[4] Section 1006 sets out the procedures at the municipal level and on appeal where the landowner desires to contest a decision "on the ground that . . . [it] . . . is not authorized by or is contrary to the provisions of an ordinance or map."