## Edward H. Fincher, Appellant *v.* The Township of Middlesex et al., Appellees.

Argued October 5, 1981, before Judges MENCER, MACPHAIL and PALLADINO, sitting as a panel of three.

*C. Grainger Bowman, McNees, Wallace & Nurick,* for appellant.

*Richard L. McCandless, Dillon, McCandless, King & Kemper,* for appellees.

Opinion by Judge Mencer, February 2, 1982:

This is an appeal from an order of the Court of Common Pleas of Butler County which dismissed the zoning appeal of Edward H. Fincher (appellant) from a decision of the Township of Middlesex (Township) which denied his application for a conditional use. We affirm.

The appellant is the owner of a mobile home park in the Township. The park was established before the enactment of any zoning ordinance. Upon the enactment of the Township's first zoning ordinance,[1] on

---

[1] On February 1, 1971, the Township of Middlesex enacted zoning ordinance No. 21, pursuant to the provisions of Article VI of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10601-10619. The ordinance, *inter alia,* permits mobile home parks as conditional uses in Agricultural A Districts if the parks comply with standards enunciated in Sections 9, 16, and 24 of the ordinance.

February 1, 1971, the park was found to be situated in a district zoned as "Agricultural A." The Township has never enacted a subdivision and land development ordinance pursuant to the power granted in Section 501 of the Pennsylvania Municipalities Planning Code (Code), 53 P.S. §10501.[2]

On October 29, 1972, the appellant obtained a 90-day option to purchase a 50-acre tract adjacent to his park, known as the Thompson Farm. The option was made conditional upon the appellant's ability to secure the Township's approval to utilize the Thompson Farm as a mobile home park and upon his ability to satisfy all pertinent municipal ordinances relating to mobile home parks. Pursuant to exercising the option, the appellant retained a consulting engineer to prepare a mobile home park plan for submission to the

---

[2] Section 501 of the Code provides:

The governing body of each municipality may regulate subdivisions and land development within the municipality by enacting a subdivision and land development ordinance. The ordinance may require that all plats of land lying within the municipality shall be submitted for approval to the governing body or in lieu thereof to a planning agency designated in the ordinance for this purpose. All powers granted herein to the governing body or the planning agency shall be exercised in accordance with the provisions of the subdivision and land development ordinance. In the case of any development governed by an ordinance adopted pursuant to Article VII [53 P.S. §§10701-10711], however, the applicable provisions of the subdivision and land development ordinance shall be as modified by such ordinance and the procedures which shall be followed in the approval of any plat and the rights and duties of the parties thereto shall be governed by Article VII and the provisions of the ordinance adopted thereunder. Provisions regulating mobile-home parks shall be set forth in separate and distinct articles of any subdivision and land development ordinance adopted pursuant to Article V [53 P.S. §§10501-10515], or any planned residential development ordinance adopted pursuant to Article VII.

Township authorities. On December 19, 1972, the appellant submitted a preliminary plan for 141 mobile home lots on the 50-acre tract to the Township of Middlesex Planning Commission (Commission) and requested that the Commission grant it preliminary approval.

The Commission granted preliminary approval to the appellant's plan on January 31, 1973, "subject to meeting all State Act [*sic*] Rules and Regulations, and all Middlesex Township Ordinances and any other regulations that apply." Thereafter, the appellant exercised the option. At a subsequent Commission meeting, on April 23, 1973, the appellant submitted his final plan for the Commission's approval. At that time, the Commission informed him that the plan's approval was subject to the conditional use provisions of the Township's zoning ordinance[3] and that the property line of the proposed mobile home park violated a setback line which applied to mobile home parks within

---

[3] Section 5 of the zoning ordinance defines "conditional use" as "[a] use permitted by this Ordinance to occur on a property provided approval in the manner prescribed by this Odinance is first received from the Planning Commission."

Section 9 of the zoning ordinance provides for mobile home parks as conditional uses in Agricultural A Districts upon application to and approval by the Commission "provided that no portion of such park is closer than 1,000 feet to the property lines surrounding the Glade Mill Lake Pennsylvania Fish Commission property."

Section 5 of the zoning ordinance defines "mobile home park" as "[a] property plan to receive at least 20 mobile homes only and subject to all the regulations specified in this Ordinance and other applicable controls."

The granting of conditional uses is governed by Section 24 of the ordinance which provides, *inter alia*:

b. The granting of a conditional use by the Commission shall be predicated upon the developer's submission of a written application to the Secretary of the Commission demonstrating that the development for which the conditional use is sought:

1,000 feet of Glade Mill Lake. Thereafter, the appellant's application was processed according to provisions of the zoning ordinance.

A public hearing to consider the application for the conditional use was held on May 29, 1973. At that hearing, the objections of several landowners to the appellant's plan were presented to the Commission. On June 4, 1973, the Commission notified the appellant by letter that his application for a conditional use was denied and gave four specific reasons for its decision.[4] On June 11, 1973, the Commission notified the appel-

---

i. Will not endanger the public health and safety if located where proposed and that the use will not deteriorate the environment or generate nuisance conditions such as traffic congestion, noise, dust, smoke, glare or vibration;

ii. Meets all other requirements of this Ordinance in the Zoning District where the use is proposed;

iii. Is in general conformity with the comprehensive plan of Middlesex Township and in harmony with the area in which it is proposed; and

iv. Is an appropriate use on the proposed site.

In addition, Section 16 of the zoning ordinance requires the owner of land proposed for development as a mobile home park to submit the following.

i. A survey map showing the site boundaries. . . .

ii. A plan showing the location of each mobile home; proposed sewer, water, gas and electric lines. . . .

iii. Written documentation indicating that existing public sewer and water systems are capable of accepting the proposed plan and approvals of the Pennsylvania Department of Health indicating adequacy of the park's sewage disposal and water supply plans.

[4] The reasons given by the Commission for its decision were as follows:

[1] The Mobile Home Park does not meet the conditions of the Zoning Ordinance, Section 9, Page 18, Paragraph 2-c (Mobile Home Parks, provided that no portion of such park is closer than one thousand (1000) feet to the property line surrounding the Glade Mill Lake Pennsylvania Fish Commission property).

lant that its decision of June 4, 1973 was to be considered as a recommendation of disapproval to be forwarded to the Township Supervisors (Supervisors) for their consideration. The appellant and his attorney met with the Commission and the Supervisors on June 12, 1973 and submitted the appellant's final plan to the Supervisors for their approval. At a regular session, on June 19, 1973, the Supervisors met to consider several objections to the appellant's plan.[5] The Commission communicated the reasons for its recom-

[2] Your request did not comply with the conditions of the Zoning Ordinance, Section 16, Page 43, Paragraph 9-B-III (Written documentation indicating that existing public sewer and water systems are capable of accepting the proposed plan and approvals of the Pennsylvania Department of Health indicating adequacy of the park's disposal and water supply plans).

[3] The information presented to the Board concerning the Mobile Home Park plan does not meet the requirements of the Zoning Ordinance Section 24, Page 69, Paragraph 5-B-I (will not endanger the public health and safety if located where proposed and that the use will not deteriorate the environment or generate nuisance conditions such as traffic control, noise, dust, smoke, glare or vibration); and Paragraph 5-B-III (is in general conformity with the comprehensive plan for Middlesex Township and in harmony with the area in which it is proposed);

[4] Permits to grade or remove trees and other vegetation from this property as issued by the Soils and Erosion, Department of Environmental Resources have not been submitted to the Planning Commission or the Board of Supervisors. These permits are also required prior to any construction and must be submitted at the time approvals are requested.

5 The objections to the appellant's plan which were considered at the meeting of June 19, 1973 were as follows:

    (1) deterioration of the lake and the environment;
    (2) traffic hazard and congestion;
    (3) the area is a farming and recreation area;
    (4) the park may have a drainage problem.

mendation of denial to the Supervisors by letter dated June 25, 1973.

On July 2, 1973, the Supervisors held a regularly scheduled meeting to consider the Commission's recommendation of denial. The appellant did not attend the meeting on advice of counsel. At the meeting, local residents, sports enthusiasts, and a Pennsylvania Fish Commission representative objected to the appellant's plan. The Supervisors voted to reject the application for a conditional use based upon, *inter alia,* the recommendation of the Commission and a letter from the Pennsylvania Department of Environmental Resources. The appellant never received written notice of the Supervisors' decision and was first officially informed of it at a Township meeting on November 5, 1973. He had learned of the decision by mid-July, however, from reading the newspaper.

The appellant appealed the decision of the Supervisors to the Court of Common Pleas of Butler County on December 15, 1973, and that court dismissed the appeal on April 28, 1980. This appeal followed.

The appellant contends here, *inter alia,* 1) that the lower court erred in failing to consider his mobile home park plan as an application for a subdivision pursuant to Section 508 of the Code, 53 P.S. §10508,[6]

---

[6] Section 508 of the Code provided, in pertinent part:

All applications for approval of a plat, other than those governed by Article VII [53 P.S. §§10701-10711], whether preliminary or final, shall be acted upon by the governing body or the planning agency within such time limits as may be fixed in the subdivision and land development ordinance but the governing body or the planning agency shall render its decision and communicate it to the applicant not later than ninety days after such application is filed.

(1) The decision of the governing body or the planning agency shall be in writing and shall be communicated to the applicant personally or mailed to him at his last known address not later than five days following the decision;

rather than as a conditional use application, 2) that the Township's failure to timely and properly notify him of the Supervisors' action requires that the mobile home park plan be deemed approved pursuant to Section 508 of the Code, and 3) that the Township's requirements for the granting of a conditional use are unduly restrictive and bear no reasonable relationship to the police powers of the Township. We reject each contention.

## I.

On or about November 13, 1973, the appellant filed an action in mandamus against the Supervisors. The complaint alleged that, although the Commission preliminarily approved his plan in January 1973 and it was submitted to the Supervisors on June 12, 1973, the latter failed to render a decision and communicate it to the appellant within 90 days after the application was filed and within 5 days of the Supervisors' decision, in violation of Section 508 of the Code. The appellant requested that his mobile home park plan be deemed approved because of those omissions and that the Court of Common Pleas of Butler County enter an order approving the plan. The Township filed an an-

---

(2) When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon;

(3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision, in which case, failure to meet the extended time or change in manner of presentation of communication shall have like effect. . . .

swer and thereafter both parties filed motions for summary judgment.

The lower court, on February 13, 1975, filed a memorandum opinion and order dismissing the appellant's motion for summary judgment and granting the Township's motion in the mandamus action. In its opinion, the lower court decided that Article V of the Code (relating to subdivision and land development)[7] did not apply to the controversy because the Township had not elected to regulate subdivision and land development by enacting a subdivision and land development ordinance pursuant to the authority granted in Article V of the Code. The appellant never appealed from that decision and order of the lower court.

Because the appellant failed to appeal that decision which dealt, *inter alia*, with the applicability of Article V of the Code, the doctrine of collateral estoppel prevents him from relitigating the issue in a second forum. In order for the doctrine of collateral estoppel to apply, the issue or issues of fact determined in a prior action must be the same as those appearing in a subsequent action and the party against whom the defense is invoked must be identical to or in privity to the party in the prior action. *See Davis v. O'Brien,* 230 Pa. Superior Ct. 449, 326 A.2d 511 (1974). Both the issue and the parties before us are the same as those entertained by the lower court in the mandamus action. It is true that the instant action is a zoning appeal while the prior action was in mandamus. The doctrine of collateral estoppel, however, is a broader concept than that of res judicata and requires only the same issue and the same parties; the cause of action need not be the same. *See Davis v. O'Brien.*

The question of the applicability of Article V of the Code was directly at issue in the mandamus action and

---

[7] 53 P.S. §§10501-10515.

was material to the adjudication. Because the appellant had a full and fair opportunity to litigate that issue in the prior action, he should not be afforded a second opportunity to do so. *See McCarthy v. Township of McCandless,* 7 Pa. Commonwealth Ct. 611, 300 A.2d 815 (1973).

The disposition of the instant case would remain unaltered, even if the facts did not so strongly suggest the application of a collateral estoppel. The appellant's contention that the Township erred in failing to consider his submitted plan as a subdivision application is, upon independent examination, revealed to be without support. The Township chose not to exercise the power granted it, pursuant to Section 501 of the Code, to enact a subdivision and land development ordinance. Because the Township chose not to enact a subdivision ordinance, it has no authority to require or even entertain the submission of subdivision applications. A municipality's power to adopt and enforce a subdivision ordinance is clearly separate and distinct from its zoning power. *Cohen v. Ford,* 19 Pa. Commonwealth Ct. 417, 339 A.2d 175 (1975) (interpreting, *inter alia,* 53 P.S. §10501). In the instant case, the Township exercised power granted to it by Article VI of the Code, when it enacted its zoning ordinance. Because it has refrained from enacting a subdivision and land development ordinance, the Township cannot regulate subdivisions and land development within its jurisdiction, nor conversely can it be required to observe circumscriptions on the exercise of powers it does not possess.

The appellant cites *Gettys v. Dillsburg Borough,* 85 York Legal Record 193, 62 Pa. D. & C.2d 115 (1972), *aff'd per curiam on opinion of court below,* 7 Pa. Commonwealth Ct. 519, 300 A.2d 805 (1973), for the proposition that an application for the approval of plans and specifications to develop a mobile home park within a

municipality providing for the division of the land into tracts constitutes a subdivision plan within the meaning of Section 508 of the Code. In *Gettys,* however, the application was made pursuant to a borough ordinance regulating the emplacement of trailers or mobile homes within the borough, which the Court, in its opinion, treated as a subdivision ordinance. *Gettys* in no way stands for the proposition that Section 508 of the Code applies to municipalities which have abstained from enacting subdivision and land development ordinances.

## II.

Our discussion of the appellant's first contention is dispositive of his second contention as well. The appellant should properly be estopped from relitigating the applicability of Article V of the Code. In any event, Middlesex Township is not bound by the notice requirements of a code section which does not apply to it. The appellant is, therefore, not entitled to a deemed approval of his mobile home park plan, although he received no written notice of the Supervisors' July 2, 1973 decision.

## III.

Finally, the appellant contends that the Township's requirements for the granting of a conditional use are unduly restrictive. Specifically, he contends that the 1,000-foot setback from the Glade Mill Lake Pennsylvania Fish Commission property bears no substantial relationship to the health, safety, or general welfare of the community and is, therefore, discriminatory and constitutionally infirm.

The appellant bears a heavy burden to prove that such a provision, which is presumed to have been enacted by the Township to serve the community welfare,

actually bears no meaningful relationship to achieving that goal. *See Bray v. Zoning Board of Adjustment,* 48 Pa. Commonwealth Ct. 523, 410 A.2d 909 (1980). The appellant, however, introduced no evidence before the lower court pertaining to this issue. Moreover, the appellant contends here, for the first time, that the conditional use requirements of the Township zoning ordinance are invalid. It has been held that proponents of a preliminary development plan may not properly challenge the constitutional validity of zoning ordinances preventing the development of a mobile home park where that challenge was not first presented to the governing body with a request for a curative amendment. *See GFM Associates Appeal,* 30 Pa. Commonwealth Ct. 476, 373 A.2d 1370 (1977). Where, as here, the lower court took additional evidence, our scope of review is limited to determining whether it committed an error of law or abused its discretion. *Pyle v. Harmar Township Zoning Hearing Board,* 20 Pa. Commonwealth Ct. 4, 340 A.2d 613 (1975). On appeal, we are unwilling to hold that this particular 1,000-foot setback is an arbitrary and unreasonable exercise of legislative power unrelated to the promotion of public health, safety, and the general welfare, particularly when the proposed mobile home park would require the installation of a sewage disposal plant in close proximity to a Commonwealth fishing preserve.

Order affirmed.

#### ORDER

AND Now, this 2nd day of February, 1982, the order of the Court of Common Pleas of Butler County, dated April 28, 1980, dismissing the zoning appeal of Edward H. Fincher, is hereby affirmed.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.