Alan G. GRYSHUK; Deborah C. Gryshuk; Jeffrey Jagiela; Kimberley A. Jagiela; Roy S. Musselman; Karen M. Musselman

v.

Richard F. KOLB; Marianne Kolb; Upper Hanover Township Zoning Hearing Board; Upper Hanover Township; Powderbourne Sportsmens Club.

Richard F. Kolb and Marianne Kolb, Appellants.

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 1996.
Decided Nov. 21, 1996.

Thomas D. Rees, Norristown, for Appellants.

Leslie C. Gerhart, East Greenville, for Appellee, Upper Hanover Township.

Before SMITH and LEADBETTER, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

In this procedurally unusual case, Richard and Marianne Kolb, t/a Powderbourne Sportsmen's Club, Inc. (Owners), appeal a Montgomery County Court of Common Pleas order that affirmed findings and conclusions of the Upper Hanover Township (Township) Zoning Hearing Board (Board) supporting the denial of Owners' zoning application and reversed a deemed Board approval of their application.

Owners operate a gun club on their thirty-nine acre property within the Township. The Township's zoning officer cited them for constructing sporting clay target

cages/shooting stations in 1990 within one hundred feet of their property setback area, in violation of the Township's 1987 zoning ordinance.

Owners appealed to the Board, claimed a nonconforming use and applied for a variance. The Board held hearings on October 12 and 19, 1994, at which Alan and Deborah Gryshuk, Jeffrey and Kimberley Jagiela and Roy and Karen Musselman (Neighbors), who reside in surrounding residential homes, appeared to protest Owners' use of the property. At a meeting on December 14, 1994, the Board orally delivered a decision that the shooting cages were structures and/or outdoor use facilities under the Township's ordinance, that Owners did not show a lawfully existing use within the one-hundred-foot setback area required by the ordinance and that Owners failed to prove the elements necessary for a variance. On January 18, 1995, the Board issued written findings of fact and conclusions of law.

On January 26, 1995, Owners notified the Board that they were asserting a deemed approval of their application, due to the Board's delay in issuing its decision. Section 908(9) of the Pennsylvania Municipalities Planning Code (MPC),[1] 53 P.S. § 10908(9). They filed with the trial court a mandamus action asserting a deemed approval while also filing an appeal from the Board's actual decision denying their application. Neighbors petitioned to intervene in both actions. On February 24, 1995, Neighbors filed a notice of appeal from deemed approval with the trial court, seeking reversal of that approval should it be found to exist, and Owners intervened.

In October 1995, the trial court granted a motion for peremptory judgment filed by Owners in their mandamus action, finding a deemed approval to exist. The court issued a writ of mandamus ordering the Township to issue all permits and approvals to Owners within ten days, and at the same time also scheduled argument on Neighbors' appeal from deemed approval. Without taking additional evidence, the court subsequently granted Neighbors' appeal and "dissolved

---

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11201.

and reversed" the deemed approval. Owners now appeal the latter trial court decision to this Court.

In this case and *Koutrakos v. Newtown Township Zoning Hearing Board*, 685 A.2d 639 (Pa.Cmwlth.1996), this Court has attempted to deal with various types of zoning decisions and to make a clear summary of the functions, options and requirements of a trial judge when he or she undertakes the disposition of a zoning appeal. These cases should also serve as reminders to zoning boards, in the exercise of their civic duty, to hold hearings within 60 days of a hearing request and render decisions, accompanied by findings of fact, within 45 days of the conclusion of the hearings.

■ The first issue we address here is whether the trial court erred in granting Neighbors' zoning appeal after the court had already issued a writ of mandamus for permits arising from the Board's deemed approval of Owners' application.

Owners assert that the Board's untimely decision resulted in a deemed approval, which created a conclusive presumption that the Board decided Owners' application in their favor, and the writ of mandamus established the trial court's decision that Owners' right to approvals was clear. They argue from this that the court's unappealed mandamus decision collaterally estopped the further challenge and the contrary court decision now appealed. *See Johnston v. Upper Macungie Township*, 162 Pa.Cmwlth. 170, 638 A.2d 408 (1994); *Fincher v. Middlesex Township*, 64 Pa.Cmwlth. 355, 439 A.2d 1353 (1982).

The Township responds that the cases Owners cite are distinguishable and collateral estoppel is inapplicable here. It argues that the writ of mandamus determined only the existence of a deemed approval, which was

timely appealed and left open the merits of the case; the writ did not decide the merits of Owners' application, as the court recognized in scheduling Neighbors' appeal for argument when it issued the writ. *See Foltz v. Monroeville*, 5 Pa.Cmwlth. 304, 290 A.2d 269 (1972). The Township maintains that an appeal of the mandamus order would have been a duplicative waste of court costs and counsel fees.

We agree with the Township's position. There is no doubt that the trial court granted mandamus in favor of Owners. However, *this is as it should be*, because there is also no doubt that Owners were entitled to a deemed approval. A deemed approval under section 908(9) indisputably existed because the Board did not render a written decision or findings within 45 days after the last hearing in this matter.[2] Thus, just as Owners requested, the trial court established in the mandamus action that there was a deemed Board approval.

We emphasize that a deemed zoning board approval no more cuts off the right to an appeal on the merits than would a timely board decision approving an application. Section 908(9), while allowing for deemed approval, also provides that "[n]othing in this subsection shall prejudice the right of any party opposing the application to appeal the decision to a court of competent jurisdiction." 53 P.S. § 10908(9). The lack of a timely Board decision leading to deemed approval, not the substantive merits of the case, was the sole subject issue litigated in the mandamus action. That is not the same, substantive issue Neighbors were entitled to appeal under section 908(9) and which was in fact litigated in Neighbors' zoning appeal.

The trial court obviously was aware of this and held open the merits of the case, even scheduling argument on them in the same order granting mandamus.[3] As the court

2. "The board ... shall render a written decision or ... make written findings on the application within 45 days after the last hearing before the board....Where the board fails to render the decision within the period required by this subsection ... the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed ... to an extension of time." 53 P.S. § 10908(9).

3. Given Neighbors' appeal of the deemed approval, the court's concomitant order for the issuance of permits was unnecessary, confusing and should have been omitted. Nevertheless, the court properly created a situation equivalent to one where a zoning board grants approvals on the merits and protestants appeal.

has persuasively stated, the mandamus decision was a necessary step here to determine whose appeal of the Board's decision would be taken. If Owners were not entitled to mandamus, because there was no deemed approval and instead the Board's denial of Owners' application was effective, then Owners' appeal of that denial would be heard. If mandamus was appropriate, and there was a deemed Board approval, then Neighbors' appeal of that approval would be heard, as was the case here. We also accept the trial court's explanation that, when it later "dissolved and reversed" the deemed approval, it did not determine that Board approval did not exist by operation of law, but instead overturned such approval on the merits and necessarily ended the mandamus order for the issuance of permits.

The trial court's action here is not a matter of first impression. Indeed, our decision in *Foltz* both explains and supports it. In that case, an applicant for a building permit filed a complaint in mandamus. He requested that the permit be issued because a zoning board decision denying it was adopted one day beyond the statutory 45–day period and, thus, there was a deemed approval. We held in favor of the applicant and adopted the following trial court statement:

> The statutory appeal challenges the content of the decision rendered while the mandamus action brought under the statute assaults the inaction of the Board. We are not persuaded that the availability of a remedy promulgated to challenge the content of a decision adequately affords this plaintiff the opportunity to challenge the failure to render a decision within the proper period of time. For the reasons set forth above, we hold that plaintiff's complaint states a cause of action in mandamus.

*Foltz*, 290 A.2d at 272 (footnote omitted). We then held:

> We have affirmed the holding of the court below that the [zoning board] issued a decision by operation of law on January 25, 1971 which was not affected by a resolution adopted by the Board on the following day. Intervenors had the right to appeal that decision and in fact they attempted to do

so after the lower court had made a determination in this mandamus action.... [T]he existence of the right to an appeal disposes of the Intervenors' contention that we have deprived them of that right.

*Id.* at 272–273.

Further, a decision upon which Owners themselves rely, to support a scope of review argument that we discuss next, follows *Foltz* and expresses the fallacy of Owners' collateral estoppel argument. *See Southland Corp. v. Warrington Township Zoning Hearing Board,* 36 Pa. D. & C.3d 59 (1985). The trial court in *Southland* made the following well reasoned statements in rejecting what is essentially the same contention Owners now advance:

> If such were the case, a zoning board need never act whenever it determines to grant the relief applied for, secure in the belief that its decision can never be overturned. The resulting anomalous conclusion is obvious. If the board enters its decision in appropriate form in writing 45 days after the last hearing granting the relief, all aggrieved parties have standing and would have the opportunity to appeal that decision and test its merits in a court of law. However, by waiting until the 46th day, the zoning hearing board would be able to cut off such rights of review. It is inconceivable to us that the legislature could have contemplated or intended such a result.
>
> The obvious purpose of the "deemed approval" provisions of the [MPC] was to compel zoning hearing boards to act in a timely manner so that the rights of property owners not be prejudiced by delay....
>
> We do not believe that it was ever intended by the legislature to give the applicant a windfall in the form of protection from review of the merits of the application, merely because the zoning hearing board was dilatory.

*Id.* at 62–63.

Against the foregoing authority, there is nothing to suggest that Neighbors, who in an exercise of caution had already appealed a deemed approval in the event such approval

existed, were required to appeal the trial court's mandamus decision that the approval existed or otherwise challenge the fact of deemed approval. Neighbors apparently suspected that the Board's untimely decision would constitute a deemed approval under the MPC and thus proceeded directly to file a precautionary appeal with the trial court after Owners asserted that such approval existed.[4] Neighbors did not premise their zoning appeal on a claim that deemed Board approval did not exist.[5] Therefore, collateral estoppel may not be invoked to preclude a review of the merits of Owners' application.

Based on our discussion, we hold that the writ of mandamus determined only the existence of a deemed approval, which approval was properly appealed on the merits. Thus, the procedure in this case was correct and there was no collateral estoppel.

■ The next issue for our consideration is whether the trial court erred in conducting a substantial evidence review of the Board's decision instead of making its own findings. Our resolution of this issue compels us to order a remand.

Owners argue that, since the Board's decision was untimely and a deemed approval therefore existed, the Board's decision and its late-filed findings constituted a nullity. Thus, Owners submit, the trial court should have made its own factual findings instead of "adopting" the Board's findings as supported by substantial evidence. *Faulkner v. Moosic Borough Board of Adjustment*, 154 Pa. Cmwlth. 616, 624 A.2d 677 (1993); *Southland*.

The Township contends that the trial court, despite some of the language in its opinion, in fact made its own findings, in compliance with *Faulkner*. According to the Township, the court independently reviewed the record, and on close reading its own findings and opinions are replete in its decision. The Township alternatively suggests

that, even if the trial court did not conduct the proper review, this error was harmless, because the court would obviously reach the same decision were we to remand the case for the court to make its own findings.

■ We are compelled to agree with Owners on this issue for the following reasons. First, we reiterate that this is indisputably a case of deemed approval, as the Board did not render a timely decision. This Court has clearly held that the trial court is the fact-finder when it reviews a deemed zoning board approval. *Faulkner*. It is also true that a trial court is the fact-finder when a board has not made findings. *See, e.g., Koutrakos*. These tenets certainly guide us here. However, they are not precisely on point, and therefore further discussion is required, notwithstanding the suggestion of the Township itself that *Faulkner* is controlling. This is because the Board made written findings of fact, which were included in the record certified to the trial court, and it does not appear that the court in *Faulkner* had board findings before it. The question thus arises for the first time as to a trial court's scope of review in such a situation.

We recognize that Section 1005–A of the MPC, which the trial court relied upon for not making its own findings, provides:

If the record below includes findings of fact made by the governing body, board or agency whose decision or action is brought up for review and the court does not take additional evidence or appoint a referee to take additional evidence, the findings of the governing body, board or agency shall not be disturbed by the court if supported by substantial evidence.

53 P.S. § 11005–A. We also note our holding in *Bishop Nursing Home v. Middletown Township Zoning Hearing Board*, 162 Pa. Cmwlth. 118, 638 A.2d 383 (1994), *petition for allowance of appeal denied*, 538 Pa. 675, 649 A.2d 676 (1994) that a trial court did not err

---

4. As quoted above, we noted in *Foltz* that the protestants therein attempted to appeal a deemed approval after it was established by a mandamus order.

5. By contrast, the trial court in *Fincher*, in a decision granting mandamus, found that a particular article of the MPC was inapplicable. We

thus held that collateral estoppel prevented a party from relitigating the applicability of that article in a subsequent zoning appeal. The *Johnston* decision is also distinguishable, in that it involved a landowner's failure to appeal the merits of a zoning violation.

by refusing to make its own findings where there were late-filed zoning board findings in the record.

However, *Bishop* is inapposite because deemed approval was not involved there, as it is here. The late-filed findings in that case apparently followed a *timely* board decision. We would be allotting insufficient import to the statutory mandate of deemed approval were we to hold that, regardless of section 908(9) and such approval, a trial court not taking additional evidence is always precluded by section 1005–A from making its own findings whenever the record before it includes findings.[6]

Mindful of the nature of a deemed approval, which we have discussed above, we must consider that the effect of such approval, to which Owners here are entitled, might be undermined if we were to move away from the holding in *Faulkner*. A board, even though its decision in essence has already been made for it by operation of law, caused by its own delay, could subsequently limit the trial court's scope of review by merely filing findings at some time before the record is transmitted. Inequities could arise, as to both applicants and protestants taking a precautionary appeal, where the board—after failing to make a timely decision—nonetheless sets forth untimely findings, and those findings are then unequivocally afforded the same deference as findings of a timely, effective board decision on appeal. We are provided no reason why a board's findings should survive when its very decision has been nullified. We then return to the fact that *Faulkner* plainly states the trial court makes its own findings where there is a deemed approval, and there is no expression in that decision of any exception when a zoning board has set forth findings following the date of deemed approval.

The conclusion we reach in light of these considerations is that the holding in *Faulkner* is applicable under the circumstances presented, i.e., the proper course in reviewing a deemed approval is for the trial court to make its own findings even if there are zoning board findings in the record. Thus, it was incumbent upon the trial court here to render its own findings and conclusions. The pertinent question now to be addressed is whether the court complied with this standard.

This question is readily answered. We cannot properly say that the trial court made its own findings, as opposed to reviewing the Board's findings and conclusions for substantial evidence. The court cited those findings and conclusions extensively in its opinion and purported to review them for substantial evidence. An examination of the language in the opinion shows the Township's contention that the court acted as fact-finder to be simply untenable given the court's unambiguous statements to the contrary. Indeed, as alluded to above, the court specifically rejected the claim that it was to find its own facts. Thus, we are bound to conclude that the court erred here.

It may very well be that the trial court completely agreed with the Board's late-filed findings and, employing the correct scope of review, would still decide the substantive merits of this case exactly as it already has. However, we simply cannot declare this an absolute certainty. The court erred in acting as fact-reviewer instead of fact-finder and we are therefore constrained to remand this case to the court for its own specific findings and conclusions on the record made before the Board.

For these reasons, we do not reach and we express no opinion as to Owners' two remaining, substantive contentions on the merits, pertaining to evidence of nonconforming use and estoppel.

Accordingly, the trial court's order is vacated and this case is remanded for further proceedings.

### ORDER

AND NOW, this 21st day of November, 1996, the order of the Court of Common

---

6. Moreover, section 1005–A itself refers to a "board or agency whose decision or action is brought up for review." Strictly speaking, this does not apply to a deemed approval situation, since then the decision before the trial court for review is one created by operation of law, as opposed to whatever actual decision—deemed ineffectual—a board may have made.

Pleas of Montgomery County, No. 95–03918, dated November 27, 1995, is hereby vacated and this case is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.