**BOARD OF SUPERVISORS OF EAST ROCKHILL TOWNSHIP**

v.

**Robert R. MAGER.**

**Appeal of East Rockhill Township.**

Commonwealth Court of Pennsylvania.

Argued March 2, 2004.

Decided July 21, 2004.

Stephen P. Imms, Harleysville, for appellant.

Emil F. Toften, Chalfont, for appellee.

BEFORE: SMITH–RIBNER, Judge, and LEADBETTER, Judge, and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

The Board of Supervisors of East Rockhill Township (Board) appeals from the

May 9, 2003 order of the Court of Common Pleas of Bucks County (trial court) that denied the Board's appeal from a deemed approval of a conditional use application filed on behalf of Robert R. Mager. We affirm.

Mager owns property consisting of approximately 12.26 acres located within the Township's S–Suburban Zoning District. On May 13, 2002, Mager filed an application for a conditional use permit seeking to locate a life care facility on the property. Thereafter, pursuant to Section 913.2 of the Pennsylvania Municipalities Planning Code (MPC),[1] the Board appointed a hearing officer to conduct a hearing and issue a written decision on Mager's application.

Mager, through counsel, granted the hearing officer an extension of time until August 11, 2002 to commence the hearing. However, no hearing was held on or before August 11, 2002.

On September 17 and 24, 2002, Mager published a "Notice of Deemed Approval" in the Intelligencer/Record, which provided:

> Notice is hereby given by Robert Mager that due to **East Rockhill Township's** failure to commence a hearing upon **Mr. Mager's Application for Conditional Use** to occupy the premises located at Tax Parcel Number 12–20–7, located in East Rockhill Township, County of Bucks and Commonwealth of Pennsylvania, as a Life Care Facility as described in S27–304 B6 of the East Rockhill Zoning Ordinance, and pursuant to 53 [P.S.] § 10913.2. Mr. Robert Mager's Application is deemed to have been rendered in favor of the Applicant.

See Mager's Answer to the Board's Land Use Appeal, Exhibit A (Affidavit of Susan

McGurk, Billing Manager for the Intelligencer/Record).

On September 18, 2002, the Township published a legal notice regarding Mager's conditional use application in the Intelligencer/Record. That notice provided in part that a deemed approval of Mager's application may have occurred and that "[a]ny party desiring to appeal from the claimed 'deemed approval' must do so within thirty (30) days. . . ." Board's Land Use Appeal, Exhibit B.

On September 23, 2002, the Board filed a land use appeal from the deemed approval of Mager's application. In its appeal, the Board stated that no testimony or evidence was taken relating to Mager's right to the conditional use permit and that there was no record in the matter. Therefore, the Board requested that the trial court either: (1) remand the matter to the hearing officer for a hearing and written decision or (2) conduct a de novo hearing on Mager's right to the conditional use permit and to consider the imposition of any appropriate conditions on that use consistent with the requirements of the Township's Zoning Ordinance.

Thereafter, the parties submitted their legal positions in writing and the trial court held a conference with the parties' representatives. On May 9, 2003, the trial court issued an opinion and order denying and dismissing the Board's appeal. The trial court reasoned that the Board was not a *party opposing* Mager's conditional use application and, therefore, that it had no authority to appeal the deemed approval under Section 913.2(b)(3) of the MPC, 53 P.S. § 10913.2(b)(3).

In addition, the trial court reasoned that to permit an appeal by a board of supervi-

---

1. Act of July 31, 1968, P.L. 805, *as amended,* added by the Act of December 21, 1988, P.L.

1329, 53 P.S. § 10913.2.

sors from a deemed approval that it had allowed to occur due to its own failure to hold a timely hearing would essentially defeat the legislative purpose for statutorily deemed approvals. The trial court further noted that if it remanded this matter to the Board and its hearing officer again failed to hold a hearing within the time allotted, the Board could again appeal and request another remand and so on. On May 30, 2003, the Board appealed.

## I.

■ Before this Court, the Board contends that the trial court erred in dismissing the Board's appeal from the notice of deemed approval without any record or evidence upon which to base that action. The Board asserts that the trial court should have conducted a hearing on the merits of Mager's conditional use application, appointed a hearing officer for such a hearing or remanded the matter to the Board for the appointment of a hearing officer to conduct an evidentiary hearing and issue a written decision on the merits.

Sections 913.2(b)(2) and (3) of the MPC provide:

(2) Where the governing body fails to render the decision within the period required by this subsection or fails to commence, conduct or complete the required hearing as provided in [Section 908(1.2) of the MPC, 53 P.S. § 10908(1.2)],[2] the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing or on the record to an extension of time. When a decision has been rendered in favor of the applicant because of the failure of the governing body to meet or render a decision as hereinabove provided, the governing body shall give public notice of the decision within ten days from the last day it could have met to render a decision in the same manner as required by the public notice requirements of this act. If the governing body shall fail to provide notice, the applicant may do so.

(3) Nothing in this subsection shall prejudice the right of any party opposing the application to appeal the decision to a court of competent jurisdiction.

53 P.S. § 10913.2(b)(2) and (3) (footnote added).

Section 1002–A of the MPC,[3] provides that an appeal from a deemed approval shall be taken to the court of common pleas of the judicial district where the land is located within 30 days after the date upon which notice of the deemed approval was given. 53 P.S. § 11002–A. Section 1005–A of the MPC[4] provides that

[i]f, upon motion, it is shown that proper consideration of the land use appeal requires the presentation of additional evidence, a judge of the court may hold a hearing to receive additional evidence, may remand the case to the body, agency or officer whose decision or order has been brought up for review, or may refer the case to a referee to receive additional evidence.... If the record does not include findings of fact or if additional evidence is taken by the court

**2.** Section 908(1.2) of the MPC provides that "[t]he first hearing before the board or hearing officer shall be commenced within 60 days from the date of receipt of the applicant's application, unless the applicant has agreed in writing to an extension of time. Each subsequent hearing before the board or hearing officer shall be held within 45 days of the prior hearing, unless otherwise agreed to by the applicant in writing or on the record." 53 P.S. § 10908(1.2).

**3.** Added by the Act of December 21, 1988, P.L. 1329.

**4.** *Id.*

or by a referee, the court shall make its own findings of fact based on the record below as supplemented by the additional evidence, *if any.*

53 P.S. § 11005–A.

In determining that the Board had no ground or standing to appeal from the September 17, 2002 notice of deemed approval, the trial court noted that the Board offered no authority to support its proposition that it may appeal from "the statutorily mandated consequences of [its] own inaction." Trial Court's Opinion at 3.

Nonetheless, the Board maintains that Section 1002–A of the MPC draws no distinction between the parties to a deemed approval and thus does not preclude the Board from filing an appeal just because its conduct may have triggered the deemed approval. Further, relying on the language in Section 913.2(b)(3) of the MPC that "[n]othing in this subsection shall prejudice the right of any party opposing the application to appeal the decision to a court of competent jurisdiction," the Board cites *Gryshuk v. Kolb,* 685 A.2d 629 (Pa. Cmwlth.1996), for the proposition that a deemed approval no more precludes an appeal on the merits than would a timely Board approval by written decision.

The Board also contends that inasmuch as Section 913.2(b)(3) does not specify who is a party to a conditional use application, we must turn to Section 908 of the MPC, 53 P.S. § 10908, which governs hearings for variances, special exceptions and conditional uses, in order to determine the proper parties. The Board points out that pursuant to Section 908(3) of the MPC, 53 P.S. § 908(3), a municipality is a party to a hearing and is thus a proper party to a conditional use application. Therefore, the Board asserts that being a party to a hearing before a local agency perfects the right of the Board to file an appeal from a deemed approval in a conditional use application.

In response, Mager contends that the precise language of Section 913.2(b)(3) limits the right of appeal from a deemed approval to "any party *opposing* the application." 53 P.S. § 10913.2(b)(3) (emphasis added). Mager asserts that the Board in a conditional use application is acting in a quasi-judicial capacity and not as a party opposing the application.

■■■ We agree. In *Gryshuk,* we recognized that in deemed approval cases, the municipality's decision, *i.e.,* approval, has already been made for it by operation of law as a result of the municipality's own delay. *See also Borough of Monroeville v. Foltz,* 5 Pa.Cmwlth. 304, 290 A.2d 269 (1972) (the term "deemed approval" means that the municipality has ruled in the applicant's favor). Consequently, absent an appeal by a party actually *opposing* the application, the municipality cannot appeal from its own decision *approving* the application. *Id.*

In view of the foregoing, we conclude that inasmuch as the Board cannot be considered a party opposing Mager's conditional use application, the Board lacked standing under Section 913.2(b)(3) of the MPC to appeal from the deemed approval of Mager's conditional use application. *Gryshuk; Foltz.*

## II.

■■ The Board's remaining two contentions are (1) that the trial court erred in determining that a remand to the Board would provide further opportunity for delay and therefore extinguish Mager's right to reasonably prompt action on his conditional use application; and (2) that the trial court erred in its construction of Section 913.2 of the MPC in failing to acknowledge that a deemed approval where

no record has been established requires that the trial court conduct a de novo hearing under Section 1005–A of the MPC. The Board asserts that the trial court's failure to conduct a de novo hearing and issue independent findings of fact and conclusions of law requires a remand for an evidentiary hearing and a written decision.

In response, Mager contends that the authority granted by the MPC to the trial court to remand is discretionary and cannot be reversed absent an abuse of that discretion. With regard to Section 913.2, Mager asserts that inasmuch as there was no party opposing his conditional use application, a remand is unwarranted. Mager also points out that the Board failed to file a motion before the trial court requesting a remand, which is a requirement for such a remand under Section 1005–A of the MPC.

As indicated by the permissive language of the statute, the trial court is clearly afforded discretion under Section 1005–A regarding a determination of whether a remand is necessary. Moreover, as discussed above, this Court has determined that the Board lacks standing under Section 913.2(b)(3) of the MPC to appeal from a deemed approval. *Gryshuk.* As a result, we conclude that the trial court did not err or abuse its discretion in failing to remand this case for an evidentiary hearing and written decision on Mager's conditional use application.[5]

In view of the foregoing, the order of the trial court is affirmed.

## ORDER

AND NOW, this 21st day of July, 2004, the May 9, 2003 order of the Court of Common Pleas of Bucks County is hereby AFFIRMED.

Dissenting opinion by Judge SMITH–RIBNER.

SMITH–RIBNER, dissenting.

I respectfully dissent from the majority's decision to affirm the order of the Bucks County Court of Common Pleas. The trial court dismissed the appeal of the Board of Supervisors of East Rockhill Township from the notice of "deemed approval" of Robert Mager's application for a conditional use to permit use of his property as a life care facility under Section 27–701 of the zoning ordinance. The court determined that the Township had no right to appeal from the deemed decision under Section 913.2 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* added by Section 93 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10913.2, and that to allow the appeal would permit the Township to benefit from its failure to hold a hearing within the required time. I reject the conclusion that the Township was not entitled to party status and that it had no right to appeal the deemed approval under the situation presented in this case.

Section 913.2(a) of the MPC, 53 P.S. § 10913.2(a), references the fact that the municipality was a party to the proceedings:

Where the governing body, in the zoning ordinances, has stated conditional uses to be granted or denied by the governing body pursuant to express standards and criteria, the governing body shall hold hearings on and decide requests for such conditional uses in ac-

---

5. Essentially, a deemed approval of a conditional use application places the applicant's proposed use in the same posture as any other permitted use. As with any permitted use, the applicant must still comply with the applicable ordinance regulations in order to obtain land development approval and a building permit.

cordance with such standards and criteria. The hearing shall be conducted by the *board* or the *board* may appoint any member or an independent attorney as a hearing officer. The decision or, where no decision is called for, the findings shall be made by the board. However, the appellant or the applicant, as the case may be, *in addition to the municipality* may, prior to the decision of the hearing, waive decision or findings by the board and accept the decision or findings of the hearing officer as final. (Emphasis added.)

In accordance with the foregoing, a municipality may appear as a party before its own governing body, and in this context it may be a "party opposing the application." Section 913.2(b)(3) of the MPC, 53 P.S. § 10913.2(b)(3).[1]

A review of the powers granted to governing bodies by the MPC and by The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §§ 65101–68701, demonstrates that a board of supervisors is required to act on behalf of a municipality in executive, legislative and adjudicatory capacities. The MPC recognizes that a governing body may adjudicate a challenge to a zoning ordinance and in the same proceeding appoint an attorney to defend the ordinance on its behalf; a governing body may adjudicate a request for a conditional use and then intervene as a litigant in an appeal brought by a landowner; and this Court has recognized that a board of commissioners may in the same litigation act as an

adjudicator and as the executive body representing the municipality. Section 916.1 of the MPC, added by Section 99 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10916.1; Section 913.2 and Section 1004–A, 53 P.S. § 11004–A; *Collier Stone Co. v. Township of Collier Board of Commissioners,* 735 A.2d 768 (Pa.Cmwlth.1999) (noting that board of commissioners may simultaneously adjudicate request for conditional use and in its capacity as representative of the township assert applicant's lack of standing).

The Board initially acted in its quasi-judicial capacity by appointing a hearing officer to take evidence and to make findings in preparation for the Board's decision on Mager's application, but the hearing was not held by the August 11, 2002 extension date granted by Mager. Section 913.2(b)(2) of the MPC, 53 P.S. § 10913.2(b)(2), refers to the fact that the governing body must "commence, conduct or complete the required hearing as provided for in section 908(1.2)" in order to avoid a deemed decision in favor of the applicant, and Section 908(3), 53 P.S. § 10908(3), specifically acknowledges that the municipality is a party to any proceeding under that section. I believe that a fair reading of Section 908 and of Section 913.2, particularly in light of the unique party status granted to municipalities in land-use appeals, compels the conclusion that even when a deemed decision occurs because of a governing body's failure to hold a hearing due to inadvertence or non-

---

1. The municipality is entitled to party status and to be represented before its governing body when a landowner seeks a curative amendment to a zoning ordinance, Section 609.1 of the MPC, added by Section 10 of the Act of June 1, 1972, P.L. 333, 53 P.S. § 10609.1; it is entitled to party status and to be represented before its governing body in hearings related to planned residential developments, Section 708, 53 P.S. § 10708; it is

accorded automatic party status in proceedings before its zoning hearing board, Section 908, 53 P.S. § 10908; it may be represented before its governing body in hearings on conditional use applications, Section 913.2; and it "may intervene as of course" in a land use appeal before a court of common pleas, Section 1004–A, added by Section 101 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11004–A.

deliberate inaction, the municipality retains its status as a party and therefore may be a "party opposing the application" and is entitled to appeal from a deemed approval. Section 908(9), 53 P.S. § 10908(9), and Section 913.2(b)(3).

Because the Board did not conduct an evidentiary hearing, I agree with the majority's conclusion that it is within the trial court's discretion whether to conduct a *de novo* hearing or to remand the case to the Board for hearing. Section 1005–A of the MPC, added by Section 101 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11005–A. This conclusion, however, does not contradict the holding in *Gryshuk v. Kolb,* 685 A.2d 629 (Pa.Cmwlth.1996), for in that case the Board conducted evidentiary hearings but failed to file timely findings of fact. Nonetheless, *Gryshuk* does not support the conclusion that a municipality may not appeal from a deemed decision in favor of an applicant; rather it stands for the proposition that a deemed decision is final only in regard to the proceedings before a board and that such a decision does not extinguish a party's right to appeal on the merits: "We emphasize that a deemed zoning board approval no more cuts off the right to an appeal on the merits than would a timely board decision approving the application." *Gryshuk,* 685 A.2d at 631.

I do not believe that a decision allowing the Township's appeal defeats the legislative purpose of the deemed decision provision. Because the Township enjoyed party status during the proceedings below, it was entitled to appeal from the deemed decision in favor of Mager. That right has been extinguished on what I see as a flawed interpretation of the relevant hearing provisions of the MPC, which results in the total foreclosure of any review of the merits of Mager's application. Therefore, the trial court's order should be reversed

and the case should be remanded for a hearing on the Township's appeal. Accordingly, I dissent.