Douglas R. Diehl, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs January 31, 1985, to Judges CRAIG and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Douglas R. Diehl,* petitioner, for himself.

*Mary Frances Grabowski,* Assistant Counsel, for respondent.

OPINION BY JUDGE BLATT, March 27, 1985:

Douglas R. Diehl (petitioner) appeals here pro se from an order of the Department of Public Welfare (DPW) which affirmed the decision of the Dauphin County Assistance Office (DCAO) denying his application for Medical Assistance (MA) benefits. It determined that his income and available resources exceeded the applicable MA eligibility limit.

The undisputed factual findings indicate that the petitioner applied for MA benefits for himself, his wife, and his three children on July 13, 1981 when his wife was admitted into the Osteopathic Hospital; that he owns a non-resident property located at 61 Pine Street, York, Pennsylvania; that the property contains two apartments, one of which is occupied by his mother, who, in exchange for the apartment, pays all

the expenses of operating the building; that the second apartment has not been rented since May of 1979; that the value of the property less encumbrances was $9,659.46; that he also had available cash resources equalling $239.63; that his available resources minus an amount for maintenance for his family equalled $5,799.09; that his income exceeded the eligibility limit by $50.99; that the medical bills involved totalled $4,340.80; and that, pursuant to 55 Pa. Code §§133.84 and 141.81(g)(1), the applicable benefit period ran from April 18, 1981 until October 18, 1981. On the basis of these facts, the DCAO determined that the property at 61 Pine Street was not income producing, that the petitioner would thus have to spend $5,850.08 ($5,799.09 available resources plus $50.99 excess income) in order to be eligible for M.A. benefits and that, because the submitted medical bills did not exceed that figure, the petitioner was ineligible for M.A. benefits. The DPW dismissed the petitioner's timely appeal and the present appeal ensued.

The only issue before us here is whether or not the DPW erred in concluding that the 61 Pine Street property was not income producing and that it, therefore, could not be considered exempt from the calculation of available resources under 55 Pa. Code §177.83(b)(1). And, of course, our review of a DPW determination includes all questions of law. *Matthews v. Department of Public Welfare*, 66 Pa. Commonwealth Ct. 275, 443 A.2d 1362 (1982).

Eligibility for M.A. benefits depends upon the total resources available to the family unit, 55 Pa. Code §177.81, exempting certain income and property as delineated in 55 Pa. Code §177.83. Of particular note in the present case, 55 Pa. Code §177.83(b)(1)(iii) exempts "income producing non-resident real property if its value is reasonably related to the amount of in-

come resulting or expected to result from ownership of such property." Additionally, non-resident real property is defined for purposes of computing its value as "[p]roperty not used as a home by the client [petitioner], his spouse or his minor or incompetent adult children, or property that has been the home of the client or his spouse but has not been so used for six consecutive months and there appears little likelihood that either will return to it [sic]." 55 Pa. Code §179.82.

The petitioner essentially argues that his property is income producing and thus exempt under 55 Pa. Code §177.83(b)(1)(iii) because, at the time he filed his application for MA benefits, he had an expectation that the property would produce income. He asserts that, because the property had been income producing prior to May 1979 and was again income producing in late October 1981, it must be considered as having been income producing at the time of his application. In particular, he contends that the language in 55 Pa. Code §177.83(b)(1)(iii), which addresses income "expected to result from ownership" of non-residential real property, supports his position that his property, although not income producing at the time of his application, is such for purposes of determining his eligibility for MA benefits.

The DPW, on the other hand, argues that, inasmuch as the property was not income-producing during the benefit period covered by the petitioner's application for MA benefits, it can not be considered exempt. It maintains that an applicant's available resources, defined as those resources which a family unit possesses to meet the cost of services provided under medical assistance, 55 Pa. Code §177.82, are determined as of the time of the filing of an application. It also asserts that the language in 55 Pa. Code §177.-

83(b)(1)(iii), which compares the value of the income producing non-residential real property to "income resulting or expected to result from" ownership of such property, applies only to non-residential real property which has been either newly acquired or recently converted to such a use but has generated some income during the benefit period.[1]

We note that, in construing administrative regulations, the agency interpretation is controlling unless (1) the interpretation is clearly erroneous or inconsistent with the regulation or (2) the regulation, itself, is inconsistent with the underlying legislative scheme. *Montgomery County Geriatric & Rehabilitation Center v. Department of Public Welfare*, 75 Pa. Commonwealth Ct. 248, 462 A.2d 325 (1983). Here, we find that the DPW's interpretation of 55 Pa. Code §177.-83(b)(1)(iii) is neither clearly erroneous nor inconsistent with its express language. Moreover, Section 442.1 of the Public Welfare Code[2] authorizes the DPW to promulgate standards to determine the financial

---

[1] DPW offered the following example as illustrative of its interpretation of 55 Pa. Code §177.83(b)(1)(iii):

An elderly couple, whose sole source of income is their Social Security benefits, are no longer able to properly maintain their large family home. In October, they move into a small apartment. Rather than selling their home, which is valued at $25,000 and is their only asset, the couple decides to rent the property. In November, they lease their home for one year at a rate of $150 per month. In December, they apply for Medical Assistance. Although at the time of application, the couple can demonstrate that the property has produced only $150 in income, it is clear that (a) the property is currently income-producing, and (b) the income which will be produced is commensurate with the property's value. The property, therefore, qualifies as an exempt resource under 55 Pa. Code §177.83(b)(1)(iii).

DPW Brief at pp. 11-12.

[2] Act of June 13, 1967, P.L. 31, *as amended*, added by Section 5 of the Act of July 31, 1968, P.L. 904, 62 P.S. §442.1.

eligibility of MA applicants, taking into account, *inter alia,* "the funds . . . available for medical assistance for the medically needy." We are convinced, therefore, that DPW's interpretation of 55 Pa. Code §177.-83(b)(1)(iii) which limits the exemption of income producing non-residential property to those properties which are producing some income during the projected benefit period is consistent with the underlying legislative scheme.

The petitioner further argues that the DPW is collaterally estopped from concluding that his property at 61 Pine Street is not now income producing because that property was found to be exempt in an earlier application for MA benefits in 1979. The doctrine of collateral estoppel, however, applies only when the issue or issues of fact determined in the prior action are identical to those presented in a subsequent action and the party against whom the defense is invoked is identical to, or in privity with, the party in the prior action. *Fincher v. Township of Middlesex,* 64 Pa. Commonwealth Ct. 355, 439 A.2d 1353 (1982). We do not believe, however, that the doctrine of collateral estoppel is applicable here because the question of whether or not property was income producing for a six month period in 1979 clearly differs from the question of whether or not that same property could be considered income producing during a six-month period in 1981.

Accordingly, we will affirm the decision of the DPW to deny the petitioner MA benefits.

ORDER

AND Now, this 27th day of March, 1985, the order of the Department of Public Welfare in the above-captioned matter is hereby affirmed.

Judge WILLIAMS, JR., did not participate in the decision in this case.