Paul Bahian, a minor, by his parents, John and Dolores Bahian, Petitioners *v.* Commonwealth of Pennsylvania, Department of Public Welfare et al., Respondents.

Argued January 31, 1985, before Judges CRAIG and COLINS and Senior Judge BLATT, sitting as a panel of three.

*Leonard Rieser,* for petitioners.

*Howard Ulan,* Assistant Counsel, with him, *Jules S. Henshell,* Assistant Counsel, for respondent, Department of Public Welfare.

*Martha Gale,* Chief Assistant City Solicitor, for respondent, County of Philadelphia.

OPINION BY JUDGE BLATT, June 7, 1985:

John and Dolores Bahian (petitioners) have filed a petition for review addressed to our Court's original jurisdiction, seeking equitable relief in the nature of mandamus[1] against, *inter alia,* the Department of Public Welfare, the Secretary of the Department and the Deputy Secretary of the Department for Mental Retardation (Commonwealth), as well as the County of Philadelphia and various appointed and elected officials thereof (County). The petitioners seek to com-

---

[1] In their petition for review the petitioners have set forth three counts, including one seeking relief in mandamus. Of the other two counts, however, one count is in equity seeking to enjoin the Commonwealth respondents from failing to assure that an appropriate placement is provided for the minor petitioner. The other count, captioned "Petition For Review of Governmental Determinations", denominates as such a governmental determination the Commonwealth respondents' "continuing refusal" to assure the provision of adequate services on behalf of the minor petitioner, and requests this Court to direct the Commonwealth respondents to assure the provision of such services. The effect of the relief sought in both these counts appears, therefore, to be in the nature of mandamus, seeking to compel the Commonwealth to fulfill its statutory mandate to assure the provision of the services sought. We have, accordingly, treated the petition for review as a single mandamus action.

pel the County to arrange to provide for a suitable residential placement for their son, the minor plaintiff, and to compel the Commonwealth to assure that such a placement is provided for and funded.

Presently before us for disposition are the Commonwealth's preliminary objections, challenging the petitioners' standing, asserting that they have failed to join indispensable parties, and demurring to the petition for review.[2]

The petition for review alleges, in pertinent part, that the minor plaintiff is a profoundly retarded, nonverbal twelve year old boy suffering from a number of other disabling physical handicaps and behavior disorders. As a consequence, the minor petitioner purportedly requires extensive training, constant supervision and attention, and placement in a community based residential or intermediate care facility, but not, however, commitment to a state institution.

The petitioners allege that they notified the County of their predicament and had applied for such placement and services, but that the County failed to provide or arrange for suitable placement, even though the local Mental Health/Mental Retardation unit had recommended such treatment and had indicated to the County that the circumstances presented an emergency. They also allege that they had notified the Commonwealth of the need for a residential placement, but that no response has ever been made. They further allege that the minor petitioner will lose such

---

[2] While the Commonwealth designated its pleading as a single preliminary objection in the nature of a demurrer, we are not bound by such designation. The grounds relied upon in the pleading have been specifically stated and we have, therefore, addressed the content of the pleading. See Pa. R.C.P. 1028. Additionally, the Commonwealth withdrew two of its preliminary objections at oral argument, and these have not, therefore, been considered here.

skills he has, suffer harm, and become subject to increased and unnecessary restraints on his liberty should he fail to receive the necessary care, training and supervision.

The petitioners assert that the Commonwealth's failure to assure that adequate mental retardation services, including residential placement appropriate to the minor petitioner's needs, is violative of Section 201 of the Mental Health and Mental Retardation Act of 1966 (Act), Act of October 20, 1966, Special Sess., P.L. 96, *as amended*, 50 P.S. §4201, which provides, *inter alia*, that the Department's power and duty will be:

> (1) To assure . . . the availability and equitable provision of adequate mental health and mental retardation services for all persons who need them. . . .
>
> \* \* \* \*
>
> (3) To consult with and assist each county in carrying out mental health and mental retardation duties and functions. . . .
>
> \* \* \* \*
>
> (7) To make grants, pay subsidies, purchase services and provide reimbursement to mental health and mental retardation services in accordance with [the] act.
>
> (8) To supervise mental health and mental retardation facilities, services and programs as provided by law.

We note initially the Commonwealth's strenuous argument that, to the extent that the petitioners seek expenditures of monies not appropriated by the legislature, relief may not be granted as a matter of law. At this point in the proceedings, of course, it is not certain that any relief to be granted would necessarily

require expenditure of unappropriated funds, nor that relief could not or would not be shaped to avoid such a predicament. Such issues interposed here by the Commonwealth may not, therefore, be resolved at this preliminary objection stage, but must await the further development of a factual record in the course of these proceedings.

The Commonwealth's first preliminary objection is that the petitioners lack standing to assert that the Commonwealth did not adequately fund the County's Mental Health/Mental Retardation program. The gravamen of the petition, however, concerns not the Commonwealth's funding of the County's entire mental health program, but rather the failure of the Commonwealth to assure the provision of appropriate services to the minor petitioner. And, guided by the general rules of standing as articulated by our Supreme Court in *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975), we have previously determined that the core requirements of standing are that the party asserting standing must "have an interest in the controversy which is greater than the abstract interest of the general citizenry in obtaining compliance with the law, and that there must be a direct causal connection between the act complained of and the harm alleged." *Appeal of Robert C. Barlip*, 59 Pa. Commonwealth Ct. 178, 181, 428 A.2d 1058, 1060 (1981). The petitioners' allegations clearly describe their immediate interest in ensuring that appropriate care will be afforded the minor petitioner, and the direct consequences which will accrue should they be unable to obtain assurance of such care. It is apparent, therefore, that the petitioners satisfy the requisite criteria for standing.

The Commonwealth next asserts that grants for community residential care have already been appro-

priated and committed for 1984-1985 and that any increase in grants to the county will reduce the amounts available to other counties. It is argued, therefore, that the other counties are indispensable parties in whose absence this Court lacks jurisdiction. We have previously held, however, that, even where the Department of Public Welfare has actually been ordered to pay the cost of residential care for a mentally retarded person, other counties are not indispensable parties in the absence of a showing that they would somehow be affected by the Department's compliance with such an order. *In Re: Sauers,* 68 Pa. Commonwealth Ct. 83, 447 A.2d 1132 (1982), *aff'd,* 500 Pa. 342, 456 A.2d 987 (1983). In the matter *sub judice,* moreover, no such order has yet been entered, and, until there has been some evidence of record, we may not accept as fact the Department's mere assertion that such an effect will result from the ultimate resolution in this matter.

Finally, the Commonwealth demurs to the petitioners' action in mandamus,[3] asserting that there is no ministerial obligation to fund a residential placement for the minor petitioner. In determining preliminary objections in the form of a demurrer, we must accept as true all well-pleaded facts and inferences that may reasonably be deduced therefrom, but not conclusions of law. *Moyer v. Davis,* 67 Pa. Commonwealth Ct. 251, 446 A.2d 1355 (1982), *aff'd,* 501 Pa. 192, 460 A.2d 754 (1983). Nor may we sustain a demurrer unless the face of the complaint shows that the law will not permit recovery, and in ruling upon

---

[3] Mandamus, of course, is an extraordinary writ and lies only to compel the performance of a ministerial duty or mandatory act where there is a clear legal right in the plaintiff, a corresponding duty in the defendant and a lack of any other adequate remedy, *U.S. Steel Corp. v. Papadakos,* 63 Pa. Commonwealth Ct. 213, 437 A.2d 1044 (1981).

a demurrer, any doubts should be resolved against sustaining the demurrer, *Association of Pennsylvania State College & University Faculties v. Commonwealth,* 44 Pa. Commonwealth Ct. 193, 403 A.2d 1031 (1979). And, of course, in ruling upon a demurrer, our Court may not consider facts not of record. *Wells v. Pittsburgh Board of Public Education,* 31 Pa. Commonwealth Ct. 1, 374 A.2d 1009 (1977).

As we earlier stated, of course, it is not a foregone conclusion that granting the petitioners the relief sought will improperly require an expenditure of state funds. The petitioners allege that they seek to compel the Commonwealth to fulfill its obligation, imposed by 50 P.S. §4201, to assure that adequate and appropriate care is provided for the benefit of the minor plaintiff, who requires such care. And they allege that they lack any other adequate remedy to obtain the relief requested. Moreover, as we have previously held, the Department does have the obligation to provide funding for services, including residential placement, where, as is alleged here, commitment to an institution is not necessary. *Sauers.* It appears, therefore, that the petition sets forth sufficient allegations to state a cause of action in mandamus.

We will, therefore, overrule the preliminary objections.

### ORDER

AND Now, this 7th day of June, 1985, the respondents' preliminary objection in the above-captioned matter is overruled, and the Commonwealth respondents are directed to file an answer to the petitioners' Petition for Review within thirty (30) days of the date of this order.

Judge WILLIAMS, JR. did not participate in the decision in this case.