506 A.2d 981

Ferri Contracting Company, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Department of Environmental Resources and Environmental Hearing Board, Respondents.

Argued February 3, 1986, before Judges CRAIG and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Timothy P. O'Reilly,* for petitioner.

*Zelda Curtiss,* Assistant Counsel, for respondents.

OPINION BY JUDGE COLINS, March 19, 1986:

Ferri Contracting Company, Inc. (petitioner) petitions for review of an order of the Environmental Hearing Board (Board) quashing an appeal seeking review of a decision by the Department of Environmental Resources (DER) that certain additional sewage

project construction costs were ineligible for reimbursement under a grant agreement between the Environmental Protection Agency (EPA) and the Deer Creek Drainage Basin Authority (Deer Creek). The sewage project grant agreement was entered into by EPA and Deer Creek in 1976 under the auspices of the Sewage Treatment Works Grant Program (grant program) of the Water Pollution Control Act Amendments of 1972 (Clean Water Act)[1] and the federal regulations promulgated thereunder.[2]

Petitioner was hired by Deer Creek under a separate contract to construct a portion of the sewers in the Deer Creek Drainage Basin. Petitioner executed change orders to cover unforeseen costs incurred in the course of performing the contract. Petitioner and Deer Creek came to a settlement of the change order whereby petitioner executed three change orders in the amounts of $104,984.60, $85,134.17 and $103,772.83, for a total of $293,891.60. The actual portion of this sum Deer Creek was obligated to pay was made contingent upon EPA approval of reimbursement to Deer Creek as grantee, under the grant program, provided that the portion owed would be no less than $225,000.00 and no more than $300,000.00.

This dispute arose when DER, acting in its role as administrator of the grant program, approved only $238,954.29 of the total of $293,891.60 which Deer Creek sought to have reimbursed. Deer Creek did not

---

[1] 33 U.S.C. §§1251-1376. The grant program is described at 33 U.S.C. §§1281-1299. The grant program is funded jointly by federal and state monies on a 75%-25% ratio respectively. The grant program meets the stated goal of the Clean Water Act to provide federal financial assistance for the construction of publicly owned waste treatment works, as well as assisting to meet the water quality goals of the Clean Water Act. *See* 33 U.S.C. §1251(a).

[2] 40 C.F.R. §§35.800-35.920, 35.2000-35.3035.

appeal that decision, and petitioner's attempt to appeal the decision and/or have Deer Creek compulsorily joined and made to appeal the decision was quashed for lack of standing before the board.

The issue is whether a contractor of a grantee has standing to appeal a grant administrator's determination denying reimbursements to the grantee under the Clean Water Act grant program. On appeal, petitioner argues first that it meets the standing requirements of *William Penn Parking Garage v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975), and second that Pa. R.C.P. Nos. 2227 and 2229 should somehow be applied to compel the joinder of Deer Creek and force it to take an appeal of the DER's determination to partially deny reimbursement. Since we find no merit in either contention, the decision of the EHB will be affirmed.

With respect to our state law of standing, the plaintiff in order to be an aggrieved party must have a direct, immediate and substantial interest in the matter to be adjudicated, *Snelling v. Department of Transportation*, 27 Pa. Commonwealth Ct. 276, 366 A.2d 1298 (1976), and there must be a direct causal connection between the act complained of and the harm alleged, *Bahian v. Department of Public Welfare*, 89 Pa. Commonwealth Ct. 644, 493 A.2d 803 (1985). *See William Penn Parking Garage*, 464 Pa. at 191-202, 346 A.2d at 280-86.

Petitioner may not rely on our state law of standing to appeal a grant administration reimbursement determination simply by claiming to have become the real party in interest by virtue of having executed an alleged indemnity contract with a grantee. We feel that the issue of standing is preempted by the federal rules and regulations governing the grant program of the Clean Water Act. These provisions preempt any right of standing that petitioner might otherwise have had under state law or contract law principles.

When Congress has unmistakably ordained that its enactments alone were intended to regulate a part of commerce, either by express statutory command or by implicit legislative design, state laws regulating that aspect of commerce are preempted by virtue of the supremacy clause of the United States Constitution, U.S. Const. Art. VI, §2. State laws may thus be preempted because of direct conflict with particular provisions of federal law or because of general incompatibility with basic federal objectives as evidenced by federal statutes and regulations. *See Chemclene Corp. v. Department of Environmental Resources,* 91 Pa. Commonwealth Ct. 316, 320, 497 A.2d 268, 271 (1985). Preemption may also lie where the federal legislation manifests superintendence of the field or where the nature of federal regulation is pervasive. *Id*. at 322, 497 A.2d at 272-73. When the federal government occupies a given field or an indentifiable portion of it, the test of preemption is whether the matter on which the state asserts the right to act is in any way regulated by the federal government. *See Pacific Gas & Electric Co. v. State Energy Resources Conservation and Development Commission,* 461 U.S. 190, 203-04 (1983).

In examining the right of a non-grantee or a non-grant applicant to appeal an administrative determination under the Clean Water Act program, we conclude that the field is preempted both in terms of the expressed and implied intent of the United States Congress and in terms of the pervasiveness of the legislative and regulatory scheme underlying the grant program. Whether one terms petitioner's predicament a lack of standing or a failure to state a claim cognizable under state or federal law, the fact remains that it possesses no right whatsoever to challenge a grant program administrative determination under the relevant federal laws

and regulations.[3] We turn now to the grant program regulations, which speak for themselves.

The Clean Water Act statutes and regulations governing the grant program contemplate only a grant applicant's or a grantee's right of appeal from any administrative determination and explicitly exclude contractors and subcontractors from having standing to appeal said determination. *See* 40 C.F.R. §35.936-9 (1975), which states in relevant part:

> Only an EPA grantee may initiate and prosecute an appeal to the Administrator under the disputes provision of a grant with respect to its sub-agreements thereunder for its own name and benefit. . . . Neither a contractor or a subcontractor of a grantee may prosecute an appeal under the disputes provisions of a grant in its own name or interest.

Again, 40 C.F.R. §35.960 states that:

> The Regional Administrator's final determination on the ineligibility of a project . . . or a grant applicant . . . on the Federal share . . . or on any

---

[3] In so holding, we do not intend a broad reading of preemption doctrine and we stress petitioner's status as a commercial contractor litigating a federal grant program matter rather than a private citizen alleging harm to the environment. State police powers are not superseded by federal legislation unless that was the clear and manifest purpose of Congress. *See Chemclene*, 91 Pa. Commonwealth Ct. at 320, 497 A.2d at 271. *See also Silkwood v. Kerr-McGee Corporation*, 464 U.S. 238 (1984). At least one commentator has noted that federal anti-pollution efforts are not intended to preempt state remedies for private citizens alleging environmental harms. *See* R. Glickman, *Federal Preemption and Private Legal Remedies for Pollution*, 134 U. Pa. L. Rev. 121-223 (1985). Our state constitution provides for a right to clean air, clean water, and the preservation of the environment, and declares public natural resources to be the common property of all the people, and the Commonwealth to be the trustee of those resources. Pa. Const. Art. I, §27.

> dispute arising under a grant *shall be final and conclusive unless the applicant or grantee appeals within 30 days from the date of receipt of the final determination.*

(Emphasis added.) Before the determination becomes final, only the grantee or a grant applicant would have standing to challenge it, which in this case Deer Creek chose not to do. These regulations governing the Clean Water Act grant program have been construed by our federal brethren to deny a direct right of appeal of a grant administration decision by a contractor or subcontractor of a grantee. *See Mount Joy Construction, Inc. v. Schramm,* 486 F. Supp. 32 (E.D. Pa.), *aff'd mem.* 639 F.2d 774 (3d Cir. 1980). *See also Dan Caputo Co. v. Russian River County Sanitation,* 749 F.2d 571 (9th Cir. 1984).

Moreover, the parties were required to insert language in their contract binding them to the regulations governing the grant program. The required language to be found in every grant program construction contract executed between a grantee and a contractor or subcontractor states plainly that:

> Neither the United States nor any of its departments, agencies or employees is a party to this contract. This contract is subject to regulations contained in 40 C.F.R. 35.936, 35.938 and 35.939 in effect on the date of execution of this contract.[4]

Consequently, the contract itself normally binds petitioner or any similarly-situated contractor to the federal rules governing grant administration, thus denying him relief. But even if this were not so in this case, preemption would foreclose petitioner from having standing to

---

[4] *See* 40 C.F.R. §35.938-8 *and* Appendix C-2 (paragraph 1(b) of required construction contract provisions).

challenge the reimbursement denial determination. In the face of the federal occupation of the field, we are unable to afford petitioner a state law or common law remedy.

As for petitioner's second argument, its reliance on Pa. R.C.P. Nos. 2227 and 2229 is completely misplaced. A proceeding before the Board is governed by the Administrative Law and Procedure Act, 2 Pa. C. S. §§101-754, and by the DER regulations governing practice before the Board.[5] Board proceedings are not normally governed by the Rules of Civil Procedure. The regulation cited by petitioner, 25 Pa. Code §21.64, refers only to pleadings before the Board as being governed by the Pa. R.C.P. Nos. 2227 and 2229 and are not incorporated into Board practice by 25 Pa. Code §21.64, in the Board's own view. *See Berwind Natural Resources v. Department of Environmental Resources,* EHB Docket No. 84-130-G (January 16, 1985). The interpretation by an agency of its own regulations is controlling unless such interpretation is clearly erroneous or inconsistent with the regulation or the regulation itself is inconsistent with the underlying legislative scheme. *Diehl v. Commonwealth of Pennsylvania,* 88 Pa. Commonwealth Ct. 404, 489 A.2d 988 (1985); *Michael Manor, Inc. v. Commonwealth of Pennsylvania,* 88 Pa. Commonwealth Ct. 583, 490 A.2d 957 (1985). We perceive no clear error or inconsistency with the regulation or the underlying legislative scheme in EHB's holding itself to lack power of compulsory joinder under 25 Pa. Code §21.64.[6]

---

[5] *See* 25 Pa. Code §§21.1-21.124. Practice and procedure before the Board is governed by the regulations and by general rules of administrative practice and procedure, except where an applicable statute governing or authorizing the proceeding sets forth an inconsistent practice or procedure. *See* 25 Pa. Code §21.1.

[6] On the other hand, permitting compulsory joinder might arguably fly in the face of Congressional and EPA intent to allow the

38

For the above reasons, the order of the agency will be affirmed.

ORDER

AND NOW, this 19th day of March, 1986, the order of the Environmental Hearing Board, Docket No. 84-134-G, dated January 8, 1985, is hereby affirmed.

---

grantee freedom of choice in deciding whether to take an appeal from an administrative determination, *see* 40 C.F.R. §§35.936-9, 35.960, and invoke preemption once more.