510 A.2d 926

Tiffany Gall, a minor, by Stephen R. Gall, Jr., her parent and natural guardian, and all others similarly situated, Appellants *v.* Allegheny County Health Department, et al., Appellees.

Argued March 13, 1986, before Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Ronald M. Buick*, with him, *William L. Garvin*, for appellants.

*Patrick J. Shannon*, with him, *Frederick N. Egler, Jr., Ronald H. Heck & Associates, P.C.*, for appellees.

OPINION BY JUDGE PALLADINO, June 13, 1986:

Tiffany Gall, a minor, by Stephen R. Gall, Jr., her parent and natural guardian, and all others similarly situated (collectively, Appellants) appeal from orders of the Court of Common Pleas of Allegheny County (trial court) which sustained preliminary objections of the McKeesport Municipal Water Authority and the City of

McKeesport (collectively, Appellees) and dismissed Appellants' second amended complaint.

In late 1983 and early 1984 the McKeesport public water system became infested with a parasite known as giardia and Appellants became ill as a result of drinking the water. Appellants brought suit against Appellees[1] alleging that the giardia infestation was caused by Appellees' negligence. Appellees filed preliminary objections in the nature of a demurrer asserting that Appellants' claim was barred by the Political Subdivision Tort Claims Act (Act).[2] Appellants twice amended the complaint asserting theories of both negligence and breach of implied warranties of merchantability and fitness. The trial court sustained the preliminary objections in the nature of a demurrer to both amended complaints, holding that the suit was barred by the Act.

Appellants now appeal to this Court asserting that the trial court erred in dismissing their second amended complaint because Appellees are not immune from suit. In support of this assertion Appellants argue that their negligence claim against Appellees falls under the exception to the Act for a dangerous condition of utility service facilities or, in the alternative, that the breach of warranty claim is not barred by the Act. For the reasons set forth below, we find both of these arguments to be without merit.

The issue presented by this case, whether a municipality may be held liable for injuries sustained as a re-

---

[1] Allegheny County Health Department (Department) was also named as a defendant. On May 1, 1984, the trial court sustained the Department's preliminary objections and dismissed the complaint as to the Department. This order of the trial court has not been appealed.

[2] Act of November 26, 1978, P.L. 1399, *as amended, formerly* 53 P.S. §§5311.101-5311.803, repealed and substantially reenacted by the Act of October 5, 1980, P.L. 693, *as amended,* 42 Pa. C. S. §§8541-8564.

sult of drinking contaminated water supplied by the municipality, is a question of first impression in the Commonwealth.[3] The majority of other jurisdictions which have considered the question have generally concluded that:

> a municipal corporation in furnishing for compensation a supply of water to its inhabitants is not an insurer, or liable as guarantor of the quality of the water it furnishes to its customers, and cannot be held liable for injuries caused by impure water furnished by it unless it knew or ought to have known of the impurity; but it may be held liable for injuries resulting from its negligence in permitting its water supply to become contaminated or polluted, thereby causing illness or an epidemic. Its duty is that of exercising reasonable commensurate care and diligence in providing an adequate supply of water at all times . . .

*Coast Laundry, Inc. v. Lincoln City,* 9 Ore. App. 521, , 497 P.2d 1224, 1228 (1972) (citation omitted). *See also* 78 Am. Jur. 2d, *Waterworks and Water Companies* §§41, 42 (1975); Annot. 54 A.L.R.3d 936 (1972).

Although the majority of jurisdictions which have addressed the issue have concluded that a municipality which supplies water is liable for its negligent acts which result in contamination of the public water supply, we conclude that the Pennsylvania legislature has granted municipal suppliers of water immunity from suit for this type of negligence.

---

[3] *But see Gosser v. Ohio Valley Water Co.,* 244 Pa. 59, 90 A. 540 (1914) (holding plaintiff did not prove the water supply was source of typhoid contamination); *McCombs v. McKeesport,* 11 Pa. D. & C. 2d 419 (1957) (holding City was not liable for contamination of water supplied by City fire department during emergency situation).

Section 8541 of the Act provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person" subject to certain exceptions. 42 Pa. C. S. §8541. Section 8542 of the Act provides the exceptions to this total grant of immunity:

§8542. Exceptions to governmental immunity

(a) Liability imposed.—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

(2) The injury was caused by negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, 'negligent acts' shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

(b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(5) Utility service facilities.—*A dangerous condition of the facilities of steam, sewer, water,*

*gas or electric systems owned by the local agency and located within rights-of-way,* except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

. . . .

(c) Limited definition.—As used in this section the amount of time reasonably required to take protective measures, including inspections required by law, shall be determined with reference to the actual equipment, personnel and facilities available to the local agency and the competing demands therefor.

42 Pa. C. S. §8542 (emphasis added).

The Report of the Joint State Government Commission on Sovereign Immunity (Report), which formed the basis for the Act[4] states that

retention of sovereign immunity assures that the Commonwealth will not be required to process and defend various litigation brought against it in areas where risk management is totally uncertain at this time. . . .

May, 1978, Report at 10. The Report also states that the task force considered other areas of potential waiver of immunity and specifically rejected waiving immunity for product liability claims. Report at 15. Liability for

---

[4] The Pennsylvania Supreme Court has cited the Joint State Government Commission's report as valid legislative history for interpreting the Act in *Carroll v. County of York,* 496 Pa. 363, 369, 437 A.2d 394, 397 (1981).

supplying impure water is analogous to a product liability claim and is one for which risk management would be totally uncertain.

Mindful of this legislative history, we conclude that in imposing liability on municipal water suppliers for a dangerous condition *of the facilities* of the water system owned by the municipality and *located within its rights-of-way,* the legislature intended that the municipality would be liable for injuries or damages directly resulting from the negligent maintenance of the physical facilities and equipment within the municipality's control,[5] not for injuries resulting from the quality of the water supplied by the facilities and equipment.

Our conclusion is buttressed by other legislative enactments which comprehensively regulate the water purification operations and standards for both municipal and private suppliers of water. The Department of Environmental Resources (DER) has been given the power and duty to issue waterworks permits and to promulgate regulations to protect the purity of water. Administrative Code, §1918-A, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §510-18. *See also* 25 Pa. Code 109.1—109.908.[6] The legislature also has enacted the Pennsylvania Safe Drinking Water Act (Water Act), Act of May 1, 1984, P.L. 206, 35 P.S. §§721.1—721.17,[7]

---

[5] *See, e.g., Medicus v. Upper Merion Township,* 82 Pa. Commonwealth Ct. 303, 475 A.2d 918 (1984); *City of Washington v. Johns,* 81 Pa. Commonwealth Ct. 601, 474 A.2d 1199 (1984).

[6] A municipality furnishing water service is also subject to regulation by the Public Utility Commission if it extends service to customers outside its boundaries. *Sewickley Water Works v. Pennsylvania Public Utility Commission,* 46 Pa. Commonwealth Ct. 278, 405 A.2d 1384 (1979); Public Utility Code, *as amended,* 66 Pa. C. S. §102.

[7] Regulation of water companies was previously under the jurisdiction of the Commissioner of Health, *see* Act of April 22, 1905, P.L. 260, *as amended, formerly* 35 P.S. §§711-716, repealed by Act of May 1, 1984, P.L. 206.

which provides that the Commonwealth, through the Environmental Quality Board, shall assume primary responsibility to assure a safe public water supply. 35 P.S. §721.5. The Water Act grants to DER the power and duty to enforce, police, and seek injunctive and criminal penalties to obtain compliance with the Water Act. *Id.* The Water Act also provides that any person adversely affected may commence a civil action to compel compliance with the Water Act. 35 P.S. §721.13. The Water Act does not, however, authorize a damage award to adversely affected persons. In view of the language and legislative history of the Act, and the comprehensive regulation of water companies, we hold that the Act confers immunity from suit upon municipalities which negligently supply impure water to the public.

Having held that municipalities have no liability for supplying impure water on grounds of negligence, we cannot allow recovery under a theory of breach of implied warranties. To do so would not merely achieve an inconsistent result, it would completely defeat the legislative grant of immunity. Furthermore, we acknowledge and adopt the position taken by the majority of other jurisdictions which have considered the question and decided that there are no implied warranties of merchantability or fitness in connection with the sale or supply of water. *See, e.g., Brynnwood Condominium v. City of Clearwater,* 474 So.2d 317 (Fla. Dist. Ct. App. 1985); *Canavan v. Mechanicville,* 229 N.Y. 473, 128 N.E. 882 (1920); *Coast Laundry, Inc. v. Lincoln City,* 9 Ore. App. 521, 497 P.2d 1224 (1972); *Aronson v. Everett,* 136 Wash. 312, 239 P. 1011 (1925).

Accordingly, we concur in the trial court's conclusion that Appellants have failed to state a claim upon which relief may be granted, and affirm the trial court's order sustaining the preliminary objections of Appellees.

ORDER

AND NOW, June 13, 1986, the orders of the Court of Common Pleas of Allegheny County, at No. GD84-4103, dated July 16, 1984 and November 19, 1984, are affirmed.

Senior Judge KALISH dissents.