514 A.2d 951

Haywood Rice, a minor, by and through his parents and natural guardians, Leondra Rice and Martha Rice and Leondra Rice in his own right and Martha Rice in her own right *v.* Philadelphia Electric Company and Alexander Giamalis and City of Philadelphia. Philadelphia Electric Company and Alexander Giamalis, Appellants.

Argued December 10, 1985, before President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Kevin R. McNulty,* with him, *Joseph M. Donley, Kittredge, Kaufman & Donley,* for appellants.

*Ralph J. Luongo,* Assistant City Solicitor, with him, *Barbara R. Axelrod,* Divisional Deputy in Charge of Appeals, and *Barbara W. Mather,* City Solicitor, for appellee, City of Philadelphia.

Opinion by President Judge Crumlish, Jr., September 2, 1986:

Philadelphia Electric Company and Alexander Giamalis (PECO) appeal a Philadelphia County Common Pleas Court order sustaining preliminary objections of the City of Philadelphia (City), in the nature of a demurrer, and dismissing the third-party complaint of PECO and Giamalis. We reverse and remand.

Rice, a seventeen year old, sustained injuries when he was struck by a PECO vehicle driven by its employee, Giamalis. Rice had been playing in the spray of a City-owned fire hydrant directed toward a public street. The hydrant was opened without proper authorization.

In ruling upon preliminary objections in the nature of a demurrer, all well-pleaded facts and any inferences deducible therefrom must be accepted as true. *Bahian v. Department of Public Welfare,* 89 Pa. Commonwealth Ct. 644, 493 A.2d 803 (1985).

PECO and Giamalis contend that their complaint states a cause of action against the City because (1) it states a cause of action recoverable by common law and (2) comes within the utility service facilities exception to governmental immunity.[1] We agree.

___

[1] 42 Pa. C. S. §8542 (b)(5) provides:

(b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(5) *Utility service facilities.*—A dangerous condition of the facilities of steam, sewer, water, gas or electric systems owned by the local agency and located within rights-of-way, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

The complaint's averments state a cause of action at common law since they could sustain a jury finding that the dangerous condition of the hydrant and street created a reasonably foreseeable risk of injury of the type that Rice suffered.

Our review of this complaint reveals that it also states a claim within the utility services exception to governmental immunity.[2] We have recently held that this exception applies to "injuries or damages directly resulting from the negligent maintenance of the physical facilities and equipment within the municipality's control. . . ." *Gall v. Allegheny County Health Department*, 98 Pa. Commonwealth Ct. 175, 181, 510 A.2d 926, 929 (1986). The complaint avers that the City negligently failed to properly maintain the hydrant and that the City was on notice that the fire hydrant had been opened on prior occasions without prior authorization. Since these averments must be accepted as true, the complaint states a cause of action within the utility service facility exception to governmental immunity.

───────

[2] Specifically, PECO's third-party complaint avers:

5. *Defendants aver and believe that on and before August 9, 1983, Additional Defendant City of Philadelphia was on notice that the fire hydrant in which minor Plaintiff was playing had been on prior occasions opened without proper authorization.*

PECO's complaint also avers, *inter alia*, that the City was negligent in:

10. . . .

a. failing to take proper action after being on notice that the area where the incident occurred was dangerous and unsafe;

b. *failing to properly maintain the public street and the subject fire hydrant which were owned, possessed and controlled by Additional Defendant;*

c. failing to use due care under all of the circumstances; and

d. engaging in such other negligent or careless conduct as shall appear during discovery or trial of this case.
(Emphasis added.)

Therefore, we reverse the common pleas court order sustaining the City's preliminary objections. The case is remanded for further proceedings.

ORDER

The Philadelphia County Common Pleas Court order, No. 5960 dated November 20, 1984, is reversed and the case is remanded for further proceedings.

Jurisdiction relinquished.

---

DISSENTING OPINION BY JUDGE BLATT:

In *Medicus v. Upper Merion Township*, 82 Pa. Commonwealth Ct. 303 and *City of Washington v. Johns*, 81 Pa. Commonwealth Ct. 601, 474 A.2d 1199 (1984), it was held that a municipality could be held liable for property damages due to surface water flooding attributable to a municipality's alleged failure to maintain drainage systems intended to dispose of storm waters. In the instant case, however, no facts have been pled and no reasonable inferences demonstrate the nature of the purportedly "dangerous" condition or of any proximate nexus between the minor plaintiff, injured when struck by a truck, and the City's alleged failure to properly maintain the fire hydrant.

The complaint here concerned indicates that the only hazard lay with the susceptibility of the hydrant to being opened by unauthorized parties. I am hard-pressed to discern what dangerous condition was created by the failure to maintain the hydrant to prevent such tampering, and I do not believe that it was unsafe merely because it, like all other hydrants, could be so opened. Moreover, *Gall v. Allegheny Health Department*, 98 Pa. Commonwealth Ct. 175, 510 A.2d 926 (1986), cited by the majority, states that the injuries or damage must directly result from the alleged negligent maintenance, yet here no such proximate relationship

exists between the allegedly dangerous condition and the ensuing harm. The injured plaintiff was not harmed by water erupting from a poorly maintained pipe, nor was property damaged by such water. As the majority notes, the plaintiff was struck by a truck while playing in the street in the spray of a hydrant opened without authorization. There is a total failure, however, of factual allegations to connect the injury with the alleged negligent maintenance. At worst, this matter suggests the existence of an attractive nuisance. That doctrine, however, would not avail any benefit to the seventeen year old plaintiff, who is assuredly aware of the hazards of playing in the street.

Because I do not believe that the plaintiff alleged facts demonstrating any hazardous condition and because the purportedly dangerous condition here was not the proximate cause of the injuries sustained, I would affirm the order of the trial court dismissing the complaint against the City.