## Riggs v. City of Philadelphia

*Mark Craig Jacobs,* for plaintiffs.

*Nadine M. Overton, chief assistant city solicitor,* for defendant.

HILL, *J.,* June 16, 1987—Before this court is the motion of defendant, city of Philadelphia, for summary judgment. For the reasons stated herein, summary judgment is granted.

## HISTORY

This case arises out of an incident which occurred on October 12, 1980, at "Super Sunday" located on the Benjamin Franklin Parkway in the city of Philadelphia.

Plaintiffs Monica and Richard Riggs, husband and wife, attended Super Sunday. While at the event, plaintiff Monica Riggs was accosted by a group of unknown male youths, one of whom snatched her purse. Monica Riggs reported the purse-snatching to a nearby police officer while Richard Riggs followed the youths. The police officer did not aid plaintiffs; instead, he directed Monica Riggs to the police mobile unit where she could sign a complaint.

While Monica Riggs was reporting the incident at the police mobile unit, Richard Riggs was assaulted by the youths. As a result, Richard Riggs suffered physical and psychological injuries.

An action in trespass and assumpsit was commenced on September 28, 1982, alleging negligence on the part of defendant city and the police officer as well as breach of an implied contract of safety on the site on which Super Sunday was held. On November 12, 1982, defendant filed preliminary objections to the complaint raising the Political Subdivision Tort Claims Act as a defense to the action.

By order and opinion dated February 11, 1983, the Honorable Alfred J. DiBona Jr. dismissed plaintiffs' counts in trespass (counts I, IV, V, VI) leaving the assumpsit counts, counts II and III, remaining.

On March 16, 1983, defendant filed an answer and raised new matter alleging no duty on the part of defendant, no negligence by defendant and comparative negligence or assumption of risk on the part of plaintiffs.

Plaintiffs' petition for reconsideration of the order dismissing the trespass counts was denied on March 18, 1983, by order of the Honarable Alfred J. DiBona Jr., and again denied on September 12, 1983, by the same court. Plaintiffs' third petition for reconsideration was denied by the undersigned on February 4, 1987.

On February 4, 1987, the undersigned granted partial summary judgment in favor of the city. The February 4, 1987, order dismissed count III of plaintiffs' complaint leaving only count II remaining. Count II alleges breach of an express or implied contract that the Super Sunday premises would be safe (plaintiffs' complaint, paragraphs 17-22). The only reason that the count immediately under consideration was not dismissed at that time was due to the fact that plaintiffs had previously filed a request for admissions which remained outstanding at the time the motion for summary judgment was decided.

On February 11, 1987, defendant filed a motion for an extension of time to enable the city to respond to plaintiffs' request for admissions. Following oral argument on March 26, 1987, said motion was granted on April 14, 1987. On May 6, 1987, defendant served plaintiffs with its response to the request for admissions.

The sole issue before this court on the motion of defendant city of Philadelphia for summary judgment is whether count II of plaintiffs' complaint states a viable cause of action in contract.

## PLAINTIFFS' COMPLAINT COUNT II FAILS TO STATE A CAUSE OF ACTION IN CONTRACT

Plaintiffs' count II in assumpsit alleges that the defendant advertised and promoted Super Sunday with the intent to entice plaintiffs to attend Super Sunday (plaintiffs' complaint, paragraphs 17 and 18), that the city expressly or impliedly contracted that the site would be safe (plaintiffs' complaint, paragraph 19) and that in reliance on these representations plaintiffs attended the event (plaintiffs' complaint, paragraph 20). Plaintiffs allege that they paid valuable consideration enabling them to participate in the booths and activities (plaintiffs' complaint, paragraph 21). Plaintiffs further allege that defendant breached its contract with plaintiffs in that the area was not adequately protected or patrolled and defendant refused to assist plaintiffs thereby causing plaintiff-husband to suffer injuries (plaintiffs' complaint, paragraph 22). These allegations are sound in tort, not contract.

Count I of the complaint dismissed by the Honorable Alfred J. DiBona Jr. on February 11, 1983, alleged negligence on the part of the city in failing to:

"(a) maintain or provide security to prevent the accosting of persons of the parkway in the positions of plaintiffs,

"(b) provide proper security to detect the presence of individuals who accost members of the public, and

"(c) provide proper security to observe or detect individuals who are acting illegally and/or with no

legitimate purposes and/or who are threatening or accosting members of the public." (plaintiffs' complaint, paragraphs 15(a)-(c)).

Preliminary objections to this count in trespass as well as counts IV, V and VI, all claims in trespass, were previously granted on the ground that the city and its police officers are immune from liability as a consequence of the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541, et seq.

Plaintiffs contend that governmental immunity does not bar that part of their complaint sounding in assumpsit. They claim that the city's promotion of Super Sunday coupled with their payment to the booths set up along the parkway for various activities created an implied agreement by the city to provide safe premises, which they claim was breached by the assault on plaintiffs. This contention lacks merit. The allegations in assumpsit essentially repeat those in tort.

"The applicable substantive law is determined by the cause of action and not by the form of the action." Civil Procedure Rules Committee Explanatory Comment to 1983 Rules Amendments Consolidating Assumpsit and Trespass Actions Into Single Form of Action, Goodrich-Amram 2d, §1001(b)(1). Accordingly, plaintiffs' attempt to mask a tort claim in the guise of a cause of action in assumpsit fails.

Additionally, breach of an implied warranty theory of recovery cannot be used as an alternative basis for imposing liability on a municipality where a negligence action is barred by governmental immunity. *Gall v. Allegheny County Health Department,* 98 Pa. Commw. 175, 510 A.2d 926, 929 (1986).

In *Gall,* supra, plaintiffs as a class filed suit on behalf of those persons who became ill after drinking water infected with the parasite giardia. Defendant-municipality filed preliminary objections to the

complaint asserting that plaintiffs' claims were barred by the Political Subdivision Tort Claims Act. The trial court sustained the preliminary objections to both the assumpsit and negligence claims. On appeal to the Commonwealth Court plaintiffs argued that the breach of warranty claim was not barred by the act.

The Commonwealth Court held that breach of an implied warranty theory cannot be used as an alternative basis for imposing liability where a negligence claim is barred by the Political Subdivision Tort Claims Act. "To do so would not merely achieve an inconsistent result, it would completely defeat the legislative grant of immunity." Id.

As a final point, under Pennsylvania law there is no duty to provide police protection to an individual such as plaintiff Richard Riggs. *Morris v. Musser,* 84 Pa. Commw. 170, 478 A.2d 937 (1984). In certain limited instances, the duty to the public may become a duty to the individual if the police have a "special relationship" with the complainant that differs from that of the police to the general public. *Caldwell v. City of Philadelphia,* 358 Pa. Super. 406, 517 A.2d 1296 (1986); *Melendez v. City of Philadelphia,* 320 Pa. Super. 59, 466 A.2d 1060 (1983); *Chapman v. City of Philadelphia,* 290 Pa. Super. 281, 434 A.2d 753 (1981).

In *Caldwell,* supra, a policeman at the scene of an accident involving a vehicle and a pedestrian prevented a friend of the pedestrian from obtaining information from the driver of the vehicle which had struck the pedestrian stating that he would take care of it. Shortly thereafter, the driver disappeared. The pedestrian filed suit alleging that the city of Philadelphia, acting through its police officers, was negligent for failing to obtain the identification of the driver. The city did not claim governmental im-

munity since the case arose after the abolition of the judicial doctrine of governmental immunity by the Pennsylvania Supreme Court in 1973 and before the Political Subdivision Tort Claims Act took effect.

The Pennsylvania Superior Court held that a "special relationship" was not created and as such no duty on the part of the police arose. Certainly, if a promise to do a specific act does not create a special relationship, the refusal to do so does not. In the case at bar, the police officers involved in the incident made no promises to plaintiffs.

Accordingly, despite plaintiffs continued arguments that the city has breached a duty owed to them, this is not a case of breach of duty but rather it is one where no duty existed.

The principles governing a motion for summary judgment are well settled. Summary judgment should be granted if ". . . the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." 42 Pa.C.S. §1035.

In making such a determination, "all doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment." *Breslin v. Ridarelli*, 308 Pa. Super, 179, 454 A.2d 80, 82 (1982), citing *Ritmanich v. Jonnell Enterprises Inc.*, 219 Pa. Super. 198, 203, 280 A.2d 570, 573 (1971); *Schacter v. Albert*, 212 Pa. Super. 58, 239 A.2d 841 (1968).

In the case at bar, even resolving all doubts in favor of plaintiffs, no contract arose between plaintiffs and the city by virtue of plaintiffs attendance at the Super Sunday event nor by virtue of their request for police assistance. Count II of plaintiffs' complaint fails to state a cause of action in assumpsit.

Accordingly, the motion of defendant city of Philadelphia for summary judgment is granted.