## Eisenhard v. Consolidated Rail Corporation

*Robert B. Elion,* for plaintiffs.

*David C. Eaton,* for defendants.

*Thomas Devlin,* for defendant Commonwealth Department of Transportation.

*John A. Carpenter,* for additional defendant.

ROSINI, *J.,* December 17, 1987 — The present case arises out of an accident which occurred on February 24, 1986, between a vehicle driven by plaintiff's decedent, Deborah L. Eisenhard, and Conrail train driven by Alan D. Lunger.

Plaintiffs instituted suit against Consolidated Rail Corporation, Alan D. Lunger, and the Commonwealth of Pennsylvania, Department of Transportation. Defendants Conrail and Alan D. Lunger then joined the Borough of Watsontown as an additional defendant, alleging that the borough was negligent in having an ordinance which prohibited the blowing or ringing of any whistle or bell on any train which passed through the borough, and alleging that if the borough had any responsibility for providing advance warnings signs to the railroad crossing, it may be liable to plaintiffs if it is found that the advance warnings were inadequate.

Additional defendant Borough of Watsontown filed preliminary objections in the nature of a demurrer and in the nature of a motion to strike, alleging in support that the ordinance at issue was void due to the fact that it had been pre-empted by federal and/or state law; that the allegations regard-

558

ing advance warnings signs were purely hypothetical in that there were no allegations that the borough had the responsibility for posting warnings signs; that the borough is immune from suit under 42 Pa.C.S. §8541 et seq.; and that the late joinder was permitted without sufficient cause. It is these preliminary objections which are now before the court.

The standard to be applied in deciding preliminary objections in the nature of a demurrer was enunciated in the case of *Bahian by Bahian v. The Commonwealth of Pennsylvania, Department of Public Welfare,* 89 Pa. Commw. 644, 493 A.2d 803 (1985):

"In determining preliminary objections in the form of a demurrer, we must accept as true all well-pleaded facts and inferences that may reasonably be deduced therefrom, but not conclusions of law . . . Nor may we sustain a demurrer unless the face of the complaint shows that the law will not permit recovery, and in ruling upon a demurrer, any doubts should be resolved against sustaining the demurrer . . . And, of course, in ruling upon a demurrer, our court may not consider facts not of record . . ." 89 Pa. Commw. at 649-50, 493 A.2d at 806-7.

Although additional defendant Borough of Watsontown demurs on several grounds, its strongest ground is that it is immune from suit under 42 Pa.C.S. §8541 et seq. Under section 8541, local agencies are not liable for damages for personal injuries except as provided in section 8542. That section waives the grant of governmental immunity in section 8541 in eight categories: vehicle liability; care, custody or control of personal property; real property; trees; traffic controls and street lighting;

utility service facilities; streets; sidewalks; and care, custody or control of animals. Further, although sovereign immunity is an affirmative defense which should be pleaded under the heading of "new matter", Pa.R.C.P. 1030, it may be raised in preliminary objections: "[t]he court . . . may . . . address an immunity issue on preliminary objections where the immunity is apparent on the face of the pleadings . . ." *E-Z Parks Inc. v. Larson,* 91 Pa. Commw. 600, 608, 498 A.2d 1364, 1369 (1985), aff'd. 509 Pa. 496, 503 A.2d 931 (1986).

Applying the above to the case sub judice, it is clear that additional defendant Borough of Watsontown is immune from the present suit.

The facts alleged in the complaint joining the borough are that the borough was negligent in having an ordinance that prohibited the blowing or whistling of any whistle or bell on any train operating within the borough, and that, if it was the borough's responsibility to erect advance warning signs and signals and if it is determined that those signs and signals were inadequate, then the borough may be liable to plaintiffs. These allegations, on their face, simply do not fall within any of the exceptions to the borough's immunity which are set forth in 42 Pa.C.S. §8542.

For the foregoing reasons, the court enters the following

## ORDER

And now, December 17, 1987, it is hereby ordered and directed that the preliminary objections filed by additional defendant Borough of Watsontown in the above action are sustained, and the complaint against the Borough of Watsontown is dismissed.