600 A.2d 690

The **BOARD OF SUPERVISORS OF NORTH COVENTRY TOWNSHIP, Appellant,**

v.

**LAURELWOOD CONSTRUCTION COMPANY, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1991.

Decided Dec. 5, 1991.

Timothy F. Hennessey, for appellant.

Terry L. Parish, for appellee.

Before CRAIG, President Judge, KELLEY, J., and BARBIERI, Senior Judge.

CRAIG, President Judge.

The Board of Supervisors of North Coventry Township appeals a decision of the Court of Common Pleas of Chester County that granted a motion for summary judgment in favor of Laurelwood Construction Company (developer), and directed the township to reimburse the developer a $6,900.00 fee the township assessed the developer under the authority of section 515(D)(8) of the township's subdivision ordinance.

The pertinent provisions of that section authorize the board, in reviewing applications for subdivision approval, to "consider the adequacy of existing or proposed community facilities to serve the additional dwellings proposed by the subdivision." Subsection B of the ordinance directs subdividers to "give earnest consideration to the desirability of providing or reserving areas for facilities normally required in residential sections...."

The ordinance then states that

D.  The amount of land to be *dedicated* in each development, other than a minor subdivision as defined herein, *for park or open space* shall be determined by applying the following formula:

| Dwelling units per net residential acre | Minimum required percentage of the net residential acreage which must be dedicated |
|---|---|
| 1 d.u. per acre or more of land | 3% |
| 1 d.u. per ½ to 1 acre | 6% |
| 1 d.u. per less than ½ acre | 10% |

The Board of Supervisors, with the advice of the Planning Commission, shall determine if the land offered is acceptable for dedication based on the following and other relevant criteria.

. . . . .

6. *If the land proposed for dedication is acceptable, the Board of Supervisors shall officially accept the land at the time of approval of the final plat. At such time, a deed shall be recorded for the dedicated land* and shall contain a restrictive clause identifying its use for park and open space uses in perpetuity.

. . . . .

8. If the Board of Supervisors determines there is no land suitable for dedication, or dedication would not be practical in a particular case, a fee-in-lieu shall be required. *When a fee is required, it shall be equal to the average fair market value per acre of the land being developed times the acreage of land that would have been required for dedication. The Township shall be responsible for obtaining assessments of the property value.* The fee shall be deposited in a land acquisition account to be used for obtaining future park and/or open space lands.

(Emphasis added.)

Set out below is a chronology of events in this case, based upon the pleadings and the record.

On February 27, 1987, the developer filed an application for subdivision approval, in which it proposed to construct nineteen houses on a 43.07 acre tract of land. On August 10, 1987, the Board of Supervisors granted preliminary approval of the subdivision plan in a document entitled "Resolution." That approval contained the condition that "[a] fee in lieu of open space shall be paid to the township in compliance with ... section 515." (R.R. 83a)

On August 24, 1987, the board issued a decision in which it made the following finding of fact:

"Section 515 D of Ordinance # 10 requires a dedication of open space, or a fee to be paid in lieu thereof. The plan shows no open space as such, and no fee in lieu of open space has been offered by the applicant, nor has a fee in lieu of open space been accepted by the Board of Supervisors in regard to this proposed subdivision." (F.F. 15) (R.R. 87a)

The board then concluded that

[n]o fee in lieu of open space has been offered or accepted by the Board of Supervisors, under Section 515 (Ordinance # 10); no final approval will be granted to the modified plan until this requirement is fulfilled. (Conclusion of law 6) (R.R. 90a)

According to the township's answer to the developer's complaint, sometime after the August preliminary approval, the township and the developer engaged in discussions regarding the amount of the fee required, and the township calculated the fee to be $6,900.00. On January 21, 1988, the developer asked the township to send a letter explaining how the township arrived at the $6,900.00 figure. The board sent a letter on that date to the developer that stated

[o]ne of the conditions for final approval of the Subdivision proposal is your payment of a $6,900 fee in lieu of the 3 percent open space normally required.... The fee was required after the [board] determined that there was no land suitable for *dedication to public open space.* The $6,900.00 was calculated as 3 percent of the average fair market value of the 43.07 acres. In this case, because the land was purchased recently, the actual purchase price of $230,000 was used as the basis for calculation. Three percent of $230,000 is $6,900.

As soon as the fee is paid and the Township is satisfied that the other conditions outlined in its preliminary approval of August 10, 1987 have been met, the ... plans can be signed as finally approved. (Emphasis added.)

On January 25, 1988, the developer paid the $6,900.00 fee to the township. According to the township's New Matter, the township gave final approval to the plan after the

developer paid the fee. The final plan was then recorded in the Chester County Recorder of Deeds Office.

On February 22, 1988, the developer filed its declaratory judgment action. On March 16, 1988, the township filed preliminary objections that (1) moved to dismiss the action for lack of jurisdiction on the grounds that the developer failed to challenge the imposition of the condition in accordance with former section 1004 of the Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 11004, by appealing the conditional preliminary approval dated August 10, 1987, within the statutory appeal period (Paragraphs A(5) and (6) of preliminary objections) and (2) moved to dismiss the action for failure to state a claim upon which relief could be granted on the grounds that the developer should have challenged the validity of the subdivision ordinance in accordance with section 1004 of the MPC, and that a declaratory judgment proceeding is not the proper method by which to challenge the validity of an ordinance provision. (Paragraphs C(1) and (2) of preliminary objections)

In its answer to the township's preliminary objections, the developer states that it filed a substantive challenge to the ordinance with the township's zoning hearing board. The board held a hearing on April 13, 1988, at which the township appeared and objected to the proceedings on the grounds that the developer did not have standing and that the zoning hearing board did not have jurisdiction to consider a substantive challenge to the subdivision ordinance. The zoning hearing board sustained the township's objections and dismissed the proceeding.

The trial court overruled the township's preliminary objections on July 11, 1988, concluding that the developer's complaint, filed within thirty days of the January 21, 1988 letter, was timely, and that the developer was not required to challenge the August approvals because those approvals did not specify the dollar amount of the fee that was to be imposed under the terms of the ordinance. The trial court overruled the township's preliminary objections that chal-

lenged the declaratory judgment action, concluding that the ordinance did not fall within the category of ordinances to which section 1004 of the MPC applies because the ordinance

> does not [prohibit] or [restrict] the use of land but rather [is] a provision of a subdivision ordinance which requires plaintiff to pay a fee in lieu of a dedication of open space to the township. Based upon this distinction, defendant's preliminary objections were overruled.

The trial court directed the township to file an answer. The township filed an answer and new matter on August 5, 1988. The developer filed preliminary objections to the township's new matter, arguing that the new matter raised the same issues that the township had raised in its preliminary objections to the developer's complaint, and asking the trial court to strike the new matter. The trial court agreed, sustaining the developer's preliminary objections and striking the township's new matter.

Following discovery, the developer moved for summary judgment. On January 4, 1991, the trial court granted the developer's motion for summary judgment, concluding that section 515 of the ordinance is unconstitutional because it allows the township to take private property for public use without just compensation to the owner.

On appeal, the township raises the following issues: (1) whether the developer's challenge to the ordinance provision was untimely because the developer should have challenged the validity of the ordinance's dedication of open land or fee as a condition of its approval rather than pay the fee and sue for reimbursement through a declaratory judgment action; (2) whether the ordinance requires the developer to dedicate space to the public or only to provide open private space accessible only to development residents; and (3) whether the ordinance exceeds the statutory authority the MPC grants to municipalities.

This court concludes that the trial court erred in allowing the developer to proceed with its declaratory judgment action.

At the time the developer initiated this action, section 1001 of the MPC [1] provided that

[t]he proceedings set forth in this article shall constitute the exclusive mode for securing review of any ordinance, decision, determination or order of the governing body of a municipality, its agencies or officers adopted or issued pursuant to this act.

And, section 1004(1) of the MPC provided that

(1) A landowner who, on substantive grounds, desires to challenge the validity of an ordinance or map or any provision thereof which prohibits or restricts the use or development of land in which he has an interest shall submit the challenge either:

(a) To the zoning hearing board for a report thereon under section 910 or 913.1; or

(b) To the governing body together with a request for a curative amendment under section 609.1.

The decision at issue here is that of the governing body, the Board of Supervisors. The basis of the board's decision was a subdivision ordinance enacted under the authority granted to municipalities by the MPC. The essence of the developer's challenge is that the ordinance is not valid. Contrary to the trial court's determination, the ordinance does indeed restrict the use or development of land in which the developer has an interest, and section 1004(1) of the MPC was applicable. In accordance with the General Provisions of the Pennsylvania Consolidated Statutes, 1 Pa.C.S. § 1504, when a statute provides a remedy, a party must follow the directions of the statute.

Under the former sections of the MPC, the provisions of which were applicable to this case, when a property owner sought to challenge the validity of an ordinance, section

1. In December, 1988, the General Assembly enacted amendments to the MPC, Act of December 21, 1988, P.L. 1329. The effective date of the amendments was sixty-days after the date of enactment. Because these proceedings were initiated before the effective date of the amendments, the former provisions of the MPC, including sections 1001 and 1004, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 11001 and § 11004, apply.

1004 required the owner to follow the procedures found in that section. A property owner who sought to challenge the validity of a subdivision ordinance could not present the challenge when it submitted the proposed preliminary development plan for approval or in an appeal from a conditional approval. Rather, section 1004, which described the exclusive method by which to challenge the validity of an ordinance, required a landowner to initiate the challenge before the zoning hearing board or the governing body. *Appeal of GFM Associates*, 30 Pa.Commonwealth Ct. 476, 373 A.2d 1370 (1977).

Section 1004, after stating in subsection (1), that landowners may bring validity challenges to either the zoning hearing board or the governing body, further provided:

(2) The submissions referred to in subsection (1) shall be governed by the following:

.    .    .    .    .

(b) *The request may be submitted at any time after the ordinance or map takes effect but if an application for a permit or approval is denied thereunder, the request shall be made not later than the time provided for appeal from the denial thereof.* In such case, if the landowner elects to make the request to the governing body and the request is timely, the time within which he may seek review of the denial of the permit or approval on the other issues shall not begin to run until the request to the governing body is finally disposed of. (c) The request shall be accompanied by plans and other materials describing the use of development proposed by the landowner in lieu of the use or development permitted by the challenged ordinance or map. Such plans and other materials shall not be required to meet the standards prescribed for preliminary, tentative or final approval or for the issuance of a permit so long as they provide reasonable notice of the proposed use or development and a sufficient basis for evaluating the challenged ordinance or map in the light thereof. *Nothing contained herein shall preclude the landowner from first*

*seeking a final permit or approval before submitting his challenge to the board or governing body.*  (Emphasis added.)

Thus, under the MPC, when a landowner sought to challenge the validity of a subdivision ordinance, he could have done so before he submitted a request for approval, or, upon denial or conditional final approval, the landowner could have elected to present a challenge to the governing body in accordance with former section 1004(1).  If the landowner took the challenge to the governing body, the appeal period for any remaining non-validity issues was tolled until the governing body reached a decision on the validity question.

In this case, because the developer's challenge was based solely on the validity of the ordinance, its failure to follow the remedial procedure, as outlined in section 1004, renders this declaratory judgment action an unsuitable vehicle by which to challenge the validity of the ordinance.

The record of the validity challenge before the zoning hearing board, to which the developer avers in its answer to the township's new matter, is not before this court.  However, the developer apparently withdrew its pursuit of that substantive challenge after the trial court granted summary judgment in the declaratory judgment action.  (Developer's brief, pp. 9–10.)

Former section 1004 indicates that the zoning hearing board validity attack must involve a zoning hearing board report under MPC § 910 or § 913.1.  Because both of those sections provided for the attachment of zoning hearing board jurisdiction with respect to zoning ordinance issues, the board was apparently not the proper tribunal for a subdivision regulation attack unless a zoning issue was also involved.

Because the developer failed to pursue the remedial route mandated by section 1004, that is, by way of a curative amendment proceeding before the governing body, its validity challenge before the trial court was improper.  The

resolution of this issue renders our review of the other issues raised unnecessary.[2] Accordingly, this court reverses the trial court's decision granting summary judgment and the matter is dismissed.

## ORDER

Now, December 5, 1991, the decision of the Court of Common Pleas of Chester County, dated January 4, 1991, at No. 88–01278, is reversed, and the matter is dismissed.

**2.** However, we note that, contrary to the township's claim that the ordinance requires only the provision of open space for residents within the development rather than an actual dedication of land, the ordinance appears to require an actual dedication, i.e., title transfer to the township, as evidenced by the ordinance reference to the recording of a "deed" and township acceptance of the dedication.